140 So.2d 212 (1962)
PENNSYLVANIA FIRE INSURANCE COMPANY
v.
UNDERWRITERS AT LLOYD'S LONDON (Philip Arnold, substituted defendant).
No. 323.
Court of Appeal of Louisiana, Fourth Circuit.
April 2, 1962.
Rehearing Denied May 7, 1962.
Certiorari Denied June 15, 1962.
*213 Lemle & Kelleher, Harry B. Kelleher, Carl J. Schumacher, Jr., and Dermot S. McGlinchey, New Orleans, for plaintiff-appellant.
Normann & Normann, Frank S. Normann, Margot Mazeau, Christovich & Kearney and A. R. Christovich, Jr., New Orleans, for defendants-appellees.
Before McBRIDE, YARRUT and HALL, JJ.
LUTHER E. HALL, Judge pro tem.
Pennsylvania Fire Insurance Company instituted this suit on February 17, 1959 against Underwriters at Lloyd's London (Philip Arnold, substituted defendant) to recover on two contracts of "Insurance Brokers and Agents Errors and Omissions Insurance" issued by the defendant to William A. Marbury & Company, Inc., insurance agents of Ruston, Louisiana, and Cameron Insurance Agency of Cameron, Louisiana, respectively.
The defendant filed an exception of no cause or right of action and in the alternative an exception of prescription. Judgment was rendered in the District Court maintaining the exception of no cause or right of action and dismissing plaintiff's suit. Plaintiff has appealed.
Plaintiff's petition alleges that William A. Marbury & Company, Inc., and Cameron Insurance Company were agents of the plaintiff Fire Insurance Company operating under written contracts of agency; that on or about July 10, 1955 these agents of plaintiff prepared and delivered certain of plaintiff's fire insurance policies to the Cameron Parish School Board; that these policies should have been stamped with the co-insurance stamp required by LSA-R.S. 22:694; but William A. Marbury & Company, Inc., who prepared the policies failed to stamp them and Cameron Insurance Agency failed to see that the stamp was properly affixed prior to delivering the policies to the School Board; that these failures constituted breaches of their agency contracts with plaintiff; that on June 27, 1957 School Board properties covered by the policies of insurance prepared and delivered by plaintiff's said agents, were damaged by a peril covered by provisions of the policies; that as a consequence of the breaches of their agency contracts by failing to affix the co-insurance stamp plaintiff was required to pay out under its policies the sum of $18,960.07 in excess of what its liability should have been had the policies been properly stamped.
*214 The petition further alleges that Underwriters at Lloyd's London (Philip Arnold), the defendant herein, had issued to William A. Marbury & Company, Inc., and to Cameron Insurance Company certain contracts of insurance insuring the "errors and omissions" liability of these insurance agents, and that these contracts were in full force and effect at all times pertinent to this case.
The prayer is for judgment in plaintiff's favor against Underwriters at Lloyd's London (Philip Arnold, substituted defendant) for the $18,960.07 loss allegedly sustained by plaintiff
The defendant based its exception of no cause or right of action on the ground that the provisions of the Direct Action Statute (LSA-R.S. 22:655) are inapplicable to suits for breach of a contractual obligation. Defendant's alternative exception of prescription is based on the proposition that if the Court should find that plaintiff's petition sets forth an action in tort, such action is prescribed by the prescription of one year under LSA-C.C. Articles 3536 and 3537.
A mere reading of plaintiff's petition makes it evident that plaintiff is seeking judgment for an alleged breach of contract, so that the cardinal issue presented by this appeal is not whether plaintiff may bring a direct action against the defendant-insurers on an errors and omissions policy for the alleged negligence of plaintiff's agents in failing to place the co-insurance stamp on the fire insurance policies as required by LSA-R.S. 22:694, but whether plaintiff may maintain a direct action under the provisions of the Direct Action Statute (LSA-R.S. 22:655) against the defendant-insurers for breach of contract by plaintiff's agents.
The relevant passage of LSA-R.S. 22:655 provides:
"* * * an action against the insurer may * * * be maintained within the terms and limits of the policy by the insured person, or his or her survivors or heirs mentioned in Revised Civil Code Article 2315. * * *
"It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons, * * * to whom the insured is liable; and that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insured under the omnibus clause, for any legal liability said insured may have as or for a tortfeasor within the terms and limits of said policy."
Defendant-appellee contends that the issue confronting us was passed upon and resolved in appellee's favor by the Supreme Court in the case of Tyler v. Walt, 184 La. 659, 167 So. 182, 184. While we do not think the factual situation there presented permits it to be controlling in this case the Court used this pertinent language:
"Act No. 55 of 1930, amending Act No. 253 of 1918, now embodied in LSA-R.S. 22:655, relied on by plaintiff, affords no support for plaintiff's action. That statute applies to accidents and damages for the injuries sustained or the losses occasioned thereby; and the purpose of the Act was to impose liability on the casualty insurer in case of the insolvency or bankruptcy of the insured tortfeasor."
Again in the Home Insurance Company v. Highway Insurance Underwriters, 222 La. 540, 62 So.2d 828, 831, the Supreme Court in commenting on the purpose of the statute stated:
"It is manifest that both of these acts (Act 253 of 1918 as amended by Act 55 of 1930) treat of provided remedies and not of contractual obligations; they are not restrictions of rights of action but are remedial enlargements and remedies of procedure to better insure recovery for an injured person, or a person *215 suffering property damage." (Emphasis supplied.)
We also note that in the matter entitled C. A. MacKey & Co., Inc. v. S. S. Slagen et al., No. 4036 of the Admiralty Docket of the United States District Court for the Eastern District of Louisiana (New Orleans Division) the trial court granted a motion to dismiss on the ground that Louisiana's Direct Action Statute is inapplicable to actions sounding in contract, stating:
"Your action does not sound in tort at allit sounds in contract, and a contract action does not have the benefit of the direct action statute."
No case has been cited to us, and we know of none, where the Direct Action Statute has been extended to include actions ex contractu.
The defendant-appellee further argues that the errors and omissions policies in question here are contracts of indemnity and not contracts of liability insurance, and that if they should be held to constitute liability insurance they are not of the class contemplated by the Direct Action Statute since that statute applies only to liability insurance as defined in LSA-R.S. 22:6(4).
We see no necessity for deciding these points. It seems clear to us from the statute's reference to LSA-Civil Code Article 2315, the general tort article, and more especially from the stated intent of the statute that "* * * it is the purpose * * * to give protection and coverage to all insureds * * * for any legal liability said insured may have as or for a tortfeasor within the terms and limits of said policy", that the "injured person" accorded a direct action against an insurer by LSA-R.S. 22:655 means a person injured as a result of tortious conduct and not one injured as a result of breach of contract.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.

On Application for Rehearing
PER CURIAM.
In our original opinion we quoted from the opinion of the United States District Judge in the matter of C. A. McKey & Co., Inc. v. S. S. Slagen et al., No. 4036 of the Admiralty Docket of the United States District Court for the Eastern District of Louisiana (New Orleans Division). Since handing down our opinion we have been informed that that case was reversed on rehearing by the trial court, and our mention of this case is deleted therefrom. In all other respects we adhere to what we said in our original opinion.
Application denied.