292 So.2d 829 (1974)
GRAY & COMPANY, INC.
v.
RANGER INSURANCE COMPANY et al.
No. 9759.
Court of Appeal of Louisiana, First Circuit.
March 18, 1974.
Rehearing Denied April 22, 1974.
J. Richard Reuter, Jr., New Orleans, for appellant.
Robert J. Vandaworker, Baton Rouge, for Ranger Ins. Co.
Calvin E. Hardin, Jr., Baton Rouge, for La. Ins. Agency, Inc.
Before LANDRY, ELLIS, and PICKETT, JJ.
ELLIS, Judge.
This is a suit for the proceeds of an insurance policy written by defendant Ranger Insurance Company, which covered an aircraft owned by plaintiff Gray & Company, Inc. Also made defendants are Louisiana *830 Insurance Agency, Inc., which obtained the policy for Gray, and California Union Insurance Company, Louisiana's errors and omissions insurer.
California filed a peremptory exception of no cause of action, alleging that the direct action against an insurer provided by R.S. 22:655 may be brought only in an action under Article 2315 of the Civil Code, and that the cause of action against its insured was in contract. The exception was maintained, and plaintiff has appealed from the judgment dismissing its suit as to California.
Although plaintiff argues otherwise, it appears to be settled that R.S. 22:655, known as the Direct Action Statute, applies only to actions brought under Article 2315 of the Civil Code. See LaCour v. Merchants Trust and Savings Bank, 153 So.2d 599 (La.App. 4 Cir. 1963).
Ordinarily, in a civilian jurisdiction employing a fact pleading system, it is not necessary to characterize a cause of action. Contract and tort, for instance, are both considered as "obligations" under our system. See Articles 1756, 1757, 1760, and 2292, Civil Code. However, it occasionally becomes necessary to place a cause of action in a substantive pigeonhole in order to decide some subsidiary issue, such as applicable prescriptive periods, or the effect of restrictive non-codal provisions such as we have in this case.
In any case involving an obligation, liability must result from a breach of duty, whether the duty arises out of the undertakings of the parties, from their voluntary acts, by operation of law or otherwise. It is entirely possible that the same duty might have more than one source, as in the case of the negligent breach of a contractual obligation, in which case a cause of action arises from both the breach and the negligence. One set of circumstances might produce multiple duties arising from multiple sources. In the case before us, for instance, the allegations of the petition indicate that Louisiana failed to obtain the coverage requested, a breach of a contractual obligation or a mandate, and misrepresented the extent of the coverage, a breach of a legal obligation arising under Article 2315.
Our courts have recognized the existence of more than one remedy arising out of the same set of circumstances. See Federal Insurance Co. v. Insurance Co. of No. America, 262 La. 509, 263 So.2d 871 (1972), and cases cited therein. The malpractice suit against an attorney has been said to partake of the elements of a breach of contract and of tort. Marchand v. Miazza, 151 So.2d 372 (La.App. 4 Cir. 1963); Vessel v. St. Paul Fire & Marine Insurance Co., 276 So.2d 874 (La.App. 1 Cir. 1973). In the latter case, the direct action against the professional liability insurer of an attorney was permitted. Although some of the foregoing authorities contain language which indicate that the litigant must select his cause of action under such circumstances, we do not believe this to be necessary. Articles 862 and 2164 of the Code of Civil Procedure purport to abolish the "theory of the case" doctrine in Louisiana. It would appear inconsistent to require a party to elect a cause of action in order to satisfy peripheral requirements and thereby limit the scope of his presentation on the merits.
We therefore hold that, because plaintiff has alleged a cause of action which may be interpreted as arising under Article 2315, that the direct action under R.S. 22:655 will lie against Louisiana's errors and omissions insurer.
The judgment appealed from is therefore reversed, and there will be judgment in favor of plaintiff, overruling the exception filed by California Union Insurance Company, at exceptor's cost. The case is hereby remanded to the district court for trial on the merits.
Reversed and remanded.