304 So.2d 735 (1974)
RALSTON PURINA COMPANY, Plaintiff-Appellee,
v.
N. J. CONE, Jr., et al., Defendants-Appellees,
James Walter Frazier, Defendant-Appellant.
No. 12483.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1974.
*736 Campbell, Campbell, Marvin & Johnson by John D. Johnson and John T. Campbell, Minden, for defendant-appellant, James Walter Frazier, and defendant-appellee N. J. Cone, Jr.
Cook, Clark, Egan, Yancey & King by Sidney B. Galloway, Shreveport, for plaintiff-appellee Ralston Purina Co.
Lunn, Irion, Switzer, Johnson & Salley by Charles W. Salley, Shreveport, for defendants-appellees Underwriters at Lloyds and C. D. Wiley, Clerk of Court.
Before AYRES, PRICE and HALL, JJ.
HALL, Judge.
The issue presented by this appeal is whether the third party plaintiff, alleging he was damaged by the erroneous cancellation of a mortgage by the Clerk of Court and by the failure of the Clerk to list an outstanding mortgage on a mortgage certificate, may bring a direct action under LSA-R.S. 22:655 against the third party defendant insurer which issued an errors and omissions insurance policy to the Clerk. We hold the direct action is proper, and reverse the judgment of the district court sustaining the third party defendant's exception of no cause of right of action.
Ralston Purina Company, the alleged holder of a $135,000 note secured by a mortgage affecting certain property in Webster Parish, filed suit for recognition of and foreclosure of its mortgage. Named defendants were N. J. Cone, Jr., the mortgagor and former owner of the property; James Walter Frazier, present owner of the property, and C. D. Wiley, Clerk of Court. It is alleged that prior to the sale of the property by Cone to Frazier, a deputy clerk through error and inadvertence marked the mortgage canceled on the mortgage records although the mortgage had never, in truth and fact, been paid or canceled. Ralston Purina prayed for recognition of the validity of its mortgage in preference to any rights of Frazier, for foreclosure of the mortgage, and, alternatively, for judgment against the Clerk of Court for the outstanding balance on the mortgage in the sum of $45,200.
Frazier answered, generally denying the allegations of plaintiff's petition. He asserted a third party demand against the Clerk and Underwriters at Lloyds alleging that in purchasing the property he relied on an examination of the public records and the issuance of a mortgage certificate by the Clerk neither of which showed the mortgage to be in existence. Frazier prayed for judgment against the Clerk and Underwriters at Lloyds for any loss or damage which might be sustained by him arising out of the demand made by the plaintiff in the principal demand.
Although the third party petition describes Underwriters at Lloyds as the Clerk's "surety", it appears that Underwriters *737 issued to the Clerk a "County Clerk & Recorder Errors & Omissions Insurance" policy, a consideration of which policy is urged by both parties in connection with this appeal although the policy was not formally made a part of the pleadings in the district court.
Under the terms of the policy, Underwriters agreed to indemnify the Clerk against claims for breach of his official duty or by reason of any negligent act, error or omission committed by the Clerk or any of his staff.
Plaintiff contends his cause of action is for a breach of duty owned by the Clerk under the terms of LSA-C.C. Art. 3394 dealing with the duties of Clerks specifically and under LSA-C.C. Art. 2315 dealing with fault generally and, therefore, the action may be brought directly against the Clerk's liability insurer under LSA-R.S. 22:655.
Defendant contends the policy issued by it is a private indemnity insurance contract, is not a liability insurance policy, and that plaintiff's cause of action is for breach of contract and may not be brought against the insurance company under the Direct Action Statute. Defendant cites Pennsylvania Fire Insurance Co. v. Underwriters at Lloyds, 140 So.2d 212 (La.App. 4th Cir. 1962) and Lacour v. Merchants Trust and Savings Bank, 153 So.2d 599 (La.App. 4th Cir. 1963), which are authority for the proposition that the Direct Action Statutes does not apply to actions for breach of contract.
LSA-C.C. Art. 3394 provides:
"The register of mortgages and the parish recorders performing the same duty, are answerable for injury resulting:
1. From omitting to record such acts as are directed to be recorded in their office.
2. From omitting to mention in their certificates one or several acts existing on their registers, unless in this latter case the error proceeds from a want of exactness in the description, which can not be imputed to them.
"Each register of mortgages and/or parish recorder shall obtain and maintain in effect at all times liability insurance to cover any such errors and omissions which may occur in his office. Any amounts deductible from the coverage of such insurance shall be payable out of his clerk's salary fund.
"All judgments rendered against the register of mortgages and/or the parish recorders by reason of the liability provided by this article shall be payable out of the clerk's salary fund."
The alleged actions of the Clerk in erroneously marking the mortgage canceled on the mortgage records and in omitting the mortgage from the mortgage certificate issued to third party plaintiff amount to a breach of duty owed third party plaintiff by the Clerk under both Articles 3394 and 2315. The cause of action asserted by third party plaintiff is ex delicto in nature. The duty is established by general law and not by convention between the parties. That there may have also been a breach of a contractual duty arising out of a contract between the Clerk and third party plaintiff in relation to the issuance of the mortgage certificate does not mean the alleged actions were not delictual in nature. The same duty may arise from different sources, by contract and by operation of law, and, likewise, the same act may constitute both a breach of contract and a tort. Federal Insurance Company v. Insurance Company of North America, 262 La. 509, 263 So.2d 871 (1972); Gray & Company, Inc. v. Ranger Insurance Company, 292 So.2d 829 (La.App. 1st Cir. 1974).
The allegations of the third party petition state a cause of action in tort. It follows, then, that under the Direct Action Statute the injured party may bring a direct *738 action against the liability insurer of the tort-feasor.
Defendant also contends the Direct Action Statute is not applicable because the statute authorizes a direct action only against insurers issuing liability insurance policies and the policy in this case is an indemnity contractnot liability insurance.
The policy issued to the Clerk of Court in this case is liability insurance covering liability by the Clerk for errors or omissions occurring in his office, which insurance the Clerk is required to obtain and maintain under LSA-C.C. Art. 3394. The code article refers to the required errors and omissions insurance as "liability insurance". The policy provides insurance against the liability of the insured for injury to other persons and is liability insurance in the broad sense in which that term is used in LSA-R.S. 22:655. Because the policy provides that the insurer will "indemnify" the insured for such liability does not make it any the less a liability policy.
Defendant also argues that the Direct Action Statute is available only to injured persons who have sustained bodily injury or property damages as the result of an accident. Such a narrow construction of the statute is not warranted and is not consistent with the purpose of the statute. The statute is remedial and should be liberally construed to accomplish its purpose, which is to afford an injured person, whether injured physically or otherwise, a direct action against an insurer which has assumed ultimate liability for its insured's torts, whether the torts insured against involve accidents or other activities. There is no more reason for a person physically injured by a negligent driver in an automobile accident to have a direct action against the tort-feasor's automobile liability insurer than for a person financially injured by the negligent acts of the Clerk of Court to have a direct action against the Clerk's errors and omissions liability insurer.
Two recent decisions lend support to the conclusions reached in this opinion. In Vessel v. St. Paul Fire & Marine Insurance Co., 276 So.2d 874 (La.App. 1st Cir. 1973), the Court held that a plaintiff could bring a direct action against an attorney's professional liability insurer under LSA-R.S. 22:655 in a suit for damages for alleged malpractice, the action being one in tort under LSA-C.C. Art. 2315. Gray & Company, Inc. v. Ranger Insurance Company, supra, was a direct action brought against the errors and omissions insurer of an insurance agency for damages arising out of the alleged failure of the agency to obtain the coverage requested and misrepresentation of the extent of coverage. The court held plaintiff alleged a cause of action arising under LSA-C.C. Art. 2315 and that the direct action against the agency's errors and omissions insurer under LSA-R.S. 22:655 was proper.
In the instant case, plaintiff has alleged a cause of action sounding in tort under LSA-C.C. Arts. 3394 and 2315 and, under LSA-R.S. 22:655 may bring a direct action against Underwriters at Lloyds, the alleged tort-feasor's errors and omissions liability insurer.
For the reasons assigned, the judgment of the district court sustaining Underwriters' exception of no cause or right of action is reversed, the exception is overruled, and this action is remanded to the district court for further proceedings consistent with this opinion and in accordance with law. The costs of the appeal are assessed to appellee.
Reversed and remanded.