PONDER, Justice.
 

 In this suit the plaintiff seeks to recover from the defendant $11,460 for damages occasioned by the failure of the defendant to properly install a pump in and to lower the depth of an existing water well resulting in loss to plaintiff’s rice crops. The suit was dismissed in the lower court on a plea of one year prescription interposed by the defendant on the ground that the action was in tort. The plaintiff has appealed.
 

 The plea of prescription is predicated on the allegations of the petition. It appears from the allegations of the petition that the defendant sold the plaintiff the pump and agreed to install it and lower the depth of the well. It is alleged that the shaft of the pump was broken and lodged far beneath the ground by the defective installation and that the pump is not only a total loss but the well was rendered completely useless requiring the plaintiff to drill a new well and install a new pump. It is further alleged that the plaintiff was thereby prevented from obtaining sufficient water to irrigate his rice crops. There are allegations in the petition, if taken separate from the entire petition that might indicate that the action is in tort but the petition as a whole and the facts alleged therein show that the action is one for breach of contract.
 

 In Kohn v. Mayor and Council of Town of Carrollton, 10 La.Ann. 719, 720, this Court said:
 

 “For the purpose of this inquiry, we must look to the entire petition, and not to any detached expression. The allegation that the plaintiff has been damaged, does not determine the question, for damages result as well from the violation of contracts, either express or implied, as from the commission of offences and quasi-offences. Nor will the casual and auxiliary averments of illegality, wrong, and even violence, conclude the plaintiff as to the character of his action, unless it should appear, from a fair examination of his whole petition that an alleged tort forms the gist of - the complaint.”
 

 
 *979
 
 In American Heating & Plumbing Co. v. West End Country Club, 171 La. 482, 490, 131 So. 466, 469, this Court said:
 

 “The rule is well settled that a party to a contract may have a money demand against the other party to a contract and may sue either on the tort or upon the contract at his option or election. Liles v. Barnhart, 152 La. 419, 93 So. 490, and authorities there cited. The character of the action determines the prescription applicable thereto. If the action is purely one in tort, then it is prescribed by one year. If the action is predicated on a breach of the contract, then it is only prescribed by ten years.”
 

 And in the case of Illinois Central Railroad v. New Orleans Terminal Co., 143 La. 467, 78 So. 738, it was held that there is no reason why the breach of a contract by means of a tort should not furnish ground for an action for breach of contract. See also C. W. Greeson Co. v. Harnischfeger Corp., 219 La. 1006, 54 So.2d 528.
 

 It necessarily follows that since the plaintiff is suing for the breach of a contract and the resulting damages that the prescription of one year is not applicable.
 

 For the reasons assigned, the judgment of the lower court is reversed and set aside. The plea of prescription is overruled and the case is remanded to the lower court to be proceeded with according to law. The costs of the appeal to be paid by defendant-appellee; all other costs to await the final determination of the cause.
 

 FOURNET, C. J., absent.