CULPEPPER, Judge.
This is a suit for damages to leased equipment. Plaintiff is the alleged conventional subrogee of the lessor. Defendants are the lessee and its insurer. Defendants’ exception of prescription of one year was sustained, and plaintiff’s suit dismissed. Plaintiff appealed.
The principal issue is whether plaintiff’s suit is in tort or in contract. If it is in tort, it is prescribed. If it is in contract, the prescription is ten years, and the suit is timely.
No evidence was taken at the trial of the exception. The facts set forth here are those alleged in plaintiff’s petition. In 1968, Brun Sensor Systems, Inc. leased to Pineville Kraft Corporation certain equipment, used to measure the moisture and weight of paper during the manufacturing process. There is no full copy of the written instrument of lease in the record. The provisions on which plaintiff relies are quoted in its petition as follows:
“The customer agrees to pay to Brun * * * travel time charges and travel and living costs in connection with the installation supervision, startup, preventive maintenance and emergency service calls at Brun’s Standard Service Charge Rates; * * *
“Four (4) scheduled service calls per year, emergency services at the customer’s request, and associated replacement parts will be provided by Brun at no charge except for any services and replacement parts required because of the Customer’s neglect or misuse of the equipment and for the travel and living costs of Brun’s personnel in connection with all service calls.” (Emphasis ours)
On or about May 12, 1969, the lessor’s service man was making one of his regularly scheduled service calls and was performing minor repairs to the equipment. Without the knowledge or consent of the service man, an employee of Pineville Kraft Corporation attempted to replace the “roll” and allowed it to drop and strike the frame of the equipment, causing the damages in question. Plaintiff alleges the replacement of the roll is a job which requires at least two men and should not have been attempted without the supervision of the service man.
The plaintiff, Federal Insurance Company, alleges that under a policy of insurance issued to Brun Sensor Systems, Inc., it paid all but $50 of the loss. Plaintiff paid $5,668.69 of the $5,718.69 damages caused by injury to the machine, and took a conventional subrogation to the rights of Brun Sensor Systems, Inc. for the amount so paid.
This suit was filed on December 9, 1970, more than one year after the machine was damaged.
In Davis v. Le Blanc, 149 So.2d 252 (3rd Cir. 1963) we stated the distinction between tort and contract actions as follows:
“The classical distinction between ‘damages ex contractu’ and ‘damages ex delic-to’ is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons.” (Citations omitted)
Louisiana jurisprudence has established the rule that separate actions for breach of contract and in tort may concurrently arise from the same set of facts, and plaintiff can choose his remedy, Harper v. Metairie Country Club, 258 La. 264, 246 So.2d 8 (1971); Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574 (1967). In the present case, it is clear there was a *186 cause of action in tort. The issue is whether plaintiff has alleged a cause of action under the contract.
Plaintiff seeks a money judgment in the sum of $5,668.69, representing “travel and living expenses and labor and parts incurred by Brun Sensor Systems, Inc.” as a result of the injury to its equipment. It contends this is an obligation of Pineville Kraft Corporation under the above quoted provisions of the contract of lease. The quoted portions of the contract show that “Four scheduled service calls per year, emergency services at customer’s request, and associated replacement parts will be provided by Brun at no charge.” Then the contract proceeds to make exceptions to its “no-charge” agreement, i. e., “any services and replacement parts required because of the customer’s neglect or misuse of the equipment and for the travel and living costs of Brun’s personnel in connection with all service calls.”
The quoted provisions of the contract expressly exclude the situation where the equipment is damaged by the customer’s “neglect or misuse.” Insofar as the quoted provisions state, neither the lessor nor the lessee has the right or the obligation to make such repairs. Therefore,' the present suit is not one flowing from the breach of an obligation stated in the quoted provisions of the contract.
It is noteworthy that plaintiff relies solely on the quoted provisions of the contract of lease. It does not rely on any of the general obligations provided by Civil Code Articles 2710 et seq., for the lessee to make repairs, and hence we have not considered the applicability of these articles.
Although counsel for defendants have not raised the issue, it is apparent from the face of the record that an additional grounds for the dismissal of plaintiff’s suit is the nonjoinder of an indispensable party. This objection may be noticed “by either the trial or appellate court of its own motion.” LSA-C.C.P. Article 927. It is stated in LSA-C.C.P. Article 697 that when a conventional subro-gation is “partial”, it “shall” be enforced judicially by both the subrogor and the subrogee. In the present case, plaintiff expressly alleges that the subrogation was partial, i. e., $50 was deductible under the terms of the policy. Therefore, Brun Sensor Systems, Inc., is an indispensable party plaintiff.
We also notice, but will pretermit, a possible issue arising from the fact that the conventional subrogation sued on is not attached to plaintiff’s petition and is not in the record. Since the parties have apparently agreed to try the exception on the face of the petition, it may be that for present purposes the mere allegation that an instrument of subrogation exists is sufficient to show a right of action in the plaintiff.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.