MILLER, Judge.
Plaintiff Oveil Richard appeals from the judgment sustaining defendants’ exception of prescription to his suit based on breach of an implied warranty. We affirm.
Richard filed suit in October 1973 based upon his August 28, 1970 injury while employed by Fennette, Inc. Richard was working on a rock crusher manufactured by defendant Smith Engineering Works, Inc. He styled his suit a “Petition for damages for breach of implied warranty of fitness.” Richard alleged that the rock crusher was defectively designed; that Smith impliedly warranted that minor repairs or adjustments to the rock crusher could be safely made; and that the rock crusher was not fit to be used for its intended purpose as a result of defendants’ breach of warranty of fitness.
It was alleged that:
“Because of the improper design of the rock crusher it was necessary to follow a procedure of unhooking the top of the rock crusher and using a dragline to lower the top into place after necessary corrections had 'been made. Mr. Richard’s job required that he stand near the top of the crusher and adjust the top or cap of the machine as it was *438 lowered into place on the bolts which eventually would hold it into place. The machine was designed and built in such a way that there was no ledge for petitioner to stand on and it was therefore necessary that he remain in a dangerous position until the cap was lowered into place.
“The design of the rock crusher was also faulty to a degree of rendering it unfit for service as there were no rods to lineup the cap and it was therefore difficult to line it up work it into position. Because of the awkward, clumsy and bulky nature of the cap of the rock crusher, the dragline operator was not able to lower it smoothly into place and it was necessary for Mr. Richard to stand near the cap to help guide it into place. Because of the lack of rods to guide the cap into place and the lack of a ledge which would have given your petitioner a safe place from which to work, petitioner had to work in a dangerous position close to the ultimate destination of the cap.
“On or about August 28, 1970, while performing the procedure described above, which was an unusual procedure and one in which petitioner was inexperienced, petitioner was injured when the cap fell on petitioner’s toes and cut five of his toes. This injury subsequently required surgery to amputate the five toes and various serious complications developed, which included future surgery for the putting of an artificial vein in petitioner’s leg and the use of great amounts of medicine, and these injuries were very serious, painful and disabling. Among the complications caused to petitioner were the amputation of five toes, swelling of leg on the left side due to thrombophlebitis, causalgia of the left lower extremity, ischemia to the toes of the left foot and pregangrenous changes, vaso spasm, secondary to causalgia.”
At trial of the exception Richard testified that from the time of the injury he knew the name of the manufacturer of the rock crusher and had access to legal counsel. He explained that suit was not filed earlier because he thought that his workmen’s compensation benefits were all that he was entitled to receive. He first consulted counsel about this claim in October, 1973 and suit was filed shortly thereafter.
 Applicable here is the rule stated in Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285 at 286 (1970). Suits against manufacturers or sellers of a product which injured a user because of a defect in the design or manufacture of the article are actions in tort and not in contract. There existing no privity of contract between plaintiff and defendants, the mere allegation of breach of warranty is not enough to change the character of the action into one arising ex contractu, which is subject to the ten year prescriptive period.
We are not persuaded by Richard’s argument that the distinction between an action in contract and one in tort is a creature of the judiciary and is an evolving concept. He suggests that since all injured employees are likely to conclude that their compensation benefits constitute the total relief to which they are entitled, the one year prescriptive period is entirely too harsh and creates an injustice never intended by the Legislature.
Richard has failed to indicate in what way the Cartwright case can be distinguished. On the allegations and testimony, we find this to be a suit in tort rather than one in contract. As such it is subject to the prescriptive period of one year. LSA-C.C. arts. 3536, 3537.
We reject Richard’s suggestion that this case is controlled by the decision in Federal Insurance Company v. Insurance Company of North America, 262 La. 509, 263 So.2d 871 (1972). The court was there concerned with ascertaining damages caused by defendant customer’s neglect or *439 misuse of equipment which plaintiff was contractually obligated to service. Suit was filed to enforce the contract which provided for charges to defendant customer under those circumstances.
The trial court judgment is affirmed at appellant’s costs.
Affirmed.