331 So.2d 577 (1976)
McCRORY CORP.
v.
Shepard M. LATTER, d/b/a the Commerce Building, et al.
No. 10666.
Court of Appeal of Louisiana, First Circuit.
April 12, 1976.
Rehearing Denied May 24, 1976.
Writ Refused July 1, 1976.
P. A. Bienvenu, John W. Waters, Jr., Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for appellant.
Frank P. Simoneaux, Breazeale, Sachse & Wilson, Baton Rouge, for appellees.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
BLANCHE, Judge.
Plaintiff-McCrory Corporation leased from defendant, Shepard M. Latter d/b/a *578 The Commerce Building [1] certain property located on the corner of Laurel Street and Riverside Mall in the City of Baton Rouge. On October 14, 1971, a pipe located in the basement area adjacent to the property leased by plaintiff burst, causing water to flow into the leased premises. The adjacent property, although not leased to plaintiff, was owned by the defendant and leased to another not a party to this suit. Suit was filed on August 20, 1973, against the defendant and his liability insurer, Maryland Casualty Company, for damages caused by the intrusion of water into the leased premises.
A peremptory exception was filed by defendant, Maryland Casualty Company, pleading that the prescriptive period applicable to action ex delicto applied and that more than one year had elapsed from the date of the damage to the date of filing suit and, accordingly, that plaintiff's claim had prescribed. The trial judge overruled the peremptory exception, and after a trial on the merits, in accordance with a stipulation of the parties even as to the amount of judgment, awarded judgment in favor of plaintiff and against defendants, in solido, for the sum of $41,131, together with legal interest thereon from date of judicial demand and for all costs. From this judgment the defendants have perfected this appeal. We affirm.
The only issue on appeal is the failure of the trial judge to sustain the defendant's plea of prescription.
Plaintiff alleges that the defendant-lessor breached paragraph 12 of the lease agreement, which reads as follows:

"That, at Landlord's own cost, Landlord shall at all times during the term: keep the basement (if any) of the leased premises waterproof and keep the exterior (including, but not limited to, roof, skylights, gutters, leaders, and abutting walks) in good repair; make all necessary repairs of a structural nature, as well as all alterations and changes required by any present or future law or ordinance or by any public authority having jurisdiction, unless due to changes created by Tenant. Landlord agrees to repair all damage in and about the interior and exterior of the demised premises, resulting from defective construction or settlement of the building. Landlord agrees to make all repairs in and about the demised premises (both interior and exterior) made necessary by reason of work performed or other activities engaged in by the Landlord or others in any portion of the building not rented to Tenant, or due to leaks or seepage from any portion of the building not leased to Tenant, or due to leaks from plumbing or utility lines (whether within or without the leased premises), unless the necessity for such repairs is due to Tenant's fault or neglect, or the installation from which the leak arises was made by Tenant." (Record, p. 6Emphasis ours)
The defendants argue that the lease does not contain a provision to impose responsibility upon defendant for the claimed damage to its merchandise and other movables as set forth in the stipulation between the parties. These claimed damages are those occasioned to the stock, supplies and equipment, as well as those occasioned by inconvenience for the flooding such as services for clean-up. Thus, it is argued that they are not such damages as contemplated by paragraph 12, as that paragraph in the lease provisions is nothing more than a covenant to repair, and the damages claimed are those occasioned by the failure to repair and as such are ex delicto and prescribe in one year.
It is true that the foregoing clause contained a covenant to repair since it states:
"* * * Landlord agrees to make all repairs in and about the demised premises *579 * * * due to leaks or seepage from any portion of the building not leased to Tenant, or due to leaks from plumbing or utility lines (whether within or without the leased premises) * * *." (Record, p. 6)
However, the same paragraph also provides:
"That, at Landlord's own cost, Landlord shall at all times during the term: keep the basement (if any) of the leased premises waterproof * * *." (Record, p. 6)
We do not view this latter provision as a mere covenant to repair. If it means what it says, it is an obligation to keep the basement waterproof. The failure of this obligation is not only a breach of the contract but is also a breach of the landlord's statutory obligation to maintain the lessee in the peaceable possession of the leased premises during the continuance of the lease, LSA-C.C. Art. 2692,[2] and to guarantee him against all of the vices and defects of the thing leased, LSA-C.C. Art. 2695.[3] Thus, there was a breach of both the landlord's contractual duty as well as the statutory duties imposed upon him by law.
Recently the Louisiana Supreme Court in Federal Insurance Company v. Insurance Company of North America, 262 La. 509, 263 So.2d 871 (1972), stated:
"It has been recognized by this Court on numerous occasions that when a party has been damaged by the conduct of another arising out of a contractural [sic] relationship, the former may have two remedies, a suit in contract, or an action in tort, and that he may elect to recover his damages in either of the two actions. In such cases, the prescription applicable is determined by the character which plaintiff gives his pleadings and the form of his action. * * *" (263 So. 2d at 872)
Therefore, it is enough for us to decide that plaintiff brought its suit in contract, alleging that the contract was breached and that the damages which may be awarded are those sustained because of the other party's default, LSA-C.C. Art. 1930.[4] All of the damages here sued for are those which resulted from the landlord's failure of his contractual duty to keep the basement waterproof.
The law is well settled that an action on a breach of contract prescribes in ten years, LSA-C.C. Art. 3544 and Federal Insurance Company v. Insurance Company of North America, supra.
For these reasons, we reject the defendants' plea of prescription and affirm the decision of the trial court, at defendants' costs.
AFFIRMED.
NOTES
[1] Defendant, Shepard M. Latter, died prior to trial, and Susan R. Latter, executrix of his estate, was substituted as a party defendant by joint stipulation of counsel.
[2] LSA-C.C. Art. 2692 provides:

"The lessor is bound from the very nature of the contract, and without any clause to that effect:
"1. To deliver the thing leased to the lessee.
"2. To maintain the thing in a condition such as to serve for the use for which it is hired.
"3. To cause the lessee to be in a peaceable possession of the thing during the continuance of the lease."
[3] LSA-C.C. Art. 2695 provides:

"The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same."
[4] LSA-C.C. Art. 1930 provides:

"The obligations of contract [contracts] extending to whatsoever is incident to such contracts, the party who violates them, is liable, as one of the incidents of his obligations, to the payment of the damages, which the other party has sustained by his default."