PONDER, Judge.
Motorola, Inc., plaintiff-appellant, filed suit on open account for $888.46 against Standard Materials, Incorporated, defendant-appellee, for materials and services allegedly performed. Standard reconvened demanding $9,665.10 allegedly due because of Motorola’s breach of a maintenance contract and because Motorola “took five (5) radio communication sets to their shop for repairs and maintenance which were never returned . . . ”. The lower court found that Motorola failed to bear its burden of proof and dismissed its suit and signed judgment granting Standard $4,000.00 on its reconventional demand. Motorola has timely appealed. We affirm.
Plaintiff-appellant did not call anyone from Motorola to testify as to whether the alleged materials were ever delivered or that any work was ever done on behalf of Standard or that there was a balance due. Instead, plaintiff attempted to prove its case by introducing unsubstantiated invoices to which defendant-appellee promptly and properly objected. The manager of Standard testified that although he had seen some invoices and a bill for around $888.46, he believed Motorola had been paid in full. Under these circumstances, we agree with the trial judge that Motorola did not bear its burden of proof.
Motorola’s main attack on the lower court’s granting of $4,000.00 on the recon-ventional demand is that the failure of Motorola to return the radios, for whatever reason, (misplaced, lost or stolen) sounds in tort and is therefore prescribed, since the suit was not brought within one year of the alleged wrongful conduct.[1]
The lower court found that Standard’s reconventional demand was based on breach of the service and maintenance contract, and not tort. We agree. Although Standard’s reconventional demand is not entirely explicit on this point, it is obvious that the cause of action arose when goods entrusted to Motorola (or its agent) were not returned to Standard as per agreement. Such an occurrence can create two remedies, a suit in contract (based on the maintenance agreement or the law of deposit), or an action in tort (conversion). The party damaged can elect to recover his damages in either of the two actions. The prescription applicable is determined by the character which plaintiff gives his pleadings and form of his action. See Federal Insurance Company v. Insurance Company of North America, La., 262 La. 509, 263 So.2d 871 (1972); McCrory Corporation v. Shepard M. *1216 Latter d/b/a The Commerce Building, 331 So.2d 577 (La.App. 1st Cir. 1976); Richardson v. Moore, 304 So.2d 425 (La.App. 1st Cir. 1973).
Our review of the pleadings convinces us that Standard’s reconventional demand is based on contract with a ten year prescriptive period. LSA-C.C. Art. 3544. Motorola’s attack as to the alleged ambiguity of the reconventional demand should have been the subject of the dilatory exception of vagueness instead of being used as an anchor to windward.
Appellant argues orally that appellee did not bear the burden of proof as to the missing communication sets and their value. The trial court found otherwise and we cannot say that he committed manifest error in doing so. See Coleman & Bean v. Victor, Inc., La., 326 So.2d 344 (1976).
Accordingly, for the above reasons we affirm; plaintiff-appellant is to pay all costs.
AFFIRMED.

. We note on this point that although the record establishes that Motorola manifested an intention to file a plea of liberative prescription, after all the evidence was taken, no such filing is in the record. However, we find this deficiency immaterial in view of our holding herein.