346 So.2d 813 (1977)
Huey P. GUILLOT
v.
Andrew J. GUILLOT.
No. 11265.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
Rehearing Denied June 13, 1977.
Jerry J. Guillot, Baton Rouge, for plaintiff and appellant.
Jack B. Wise, Thibodaux, for defendant and appellee.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
LOTTINGER, Judge.
Plaintiff-appellant, Huey P. Guillot, appeals the judgment of the Trial Court sustaining a peremptory exception of prescription.
Defendant-appellee, Andrew J. Guillot, leased certain land to plaintiff for the purpose of growing agricultural crops. By written contract, the lease commenced September 1, 1963 and was to terminate on December 31, 1968. Plaintiff used the land for agricultural operations until approximately April 4, 1967 when he alleges that defendant prevented him from entering upon the leased premises to cultivate his sugar cane crop. The alleged breach of the lease is the cause of this suit which was filed on February 24, 1976.
Plaintiff's suit is filed for breach of contract and not in tort although a tort possibly occurred by defendant's refusal to allow plaintiff to use the property in question. It is well settled that when a party has been damaged by the conduct of another arising out of a contractual relationship, he may have two remedies, a suit in contract or an action in tort, and he can elect to recover his damages in either of these two actions. In such cases, the prescription applicable is determined by the character which plaintiff gives his pleadings and the form of his actions. See Federal Insurance Co. v. Insurance Company of North America, 262 La. 509, 263 So.2d 871 (1972) and McCrory Corp. v. Latter, 331 So.2d 577 (La. App. 1st Cir. 1976). Since plaintiff brings this suit in contract he is justified in relying on the prescription applicable to contract and disregarding the one year prescriptive period relating to tort.
Plaintiff argues that the ten year prescriptive period of LSA-C.C. art. 3544 is applicable. LSA-C.C. art. 3544 provides:

*814 "In general, all personal actions, except those before enumerated, are prescribed by ten years."
Defendant argues that LSA-R.S. 9:5601(1) governs this matter. The pertinent portion of LSA-R.S. 9:5601 provides as follows:
"The following actions are prescribed by one year:
(1) That for damages for the injury to or destruction of or the profits lost on a crop, in whole or in part, reckoning from the day the act occurred, or from the day the cause ceased if the cause was a continuing one."
Statutes of prescription must be strictly construed, and as Mr. Justice Barham said in Gulf Oil Corporation v. State Mineral Board, 317 So.2d 576 (La.1975):
"[I]t must be presumed to have been adopted by a legislature aware that the provision would be strictly construed. `* * * [P]rescription is stricti juris and the statutes on the subject cannot be extended from one action to another, nor to analogous cases beyond the strict letter of the law.'"
Thus we note that in adopting Act 170 of 1902, which ultimately became LSA-R.S. 9:5601, the legislature did not specify whether all actions "for damages for the injury to or destruction of or the profits lost on a crop" including actions for breach of contract were prescribed in one year. Therefore, absent any express statement by the legislature of its intention, and applying the theory of "stricti juris", we must conclude that the legislature did not intend to so restrict actions for breach of contract.
We therefore find that LSA-R.S. 9:5601 is not applicable to a suit for breach of contract, and that LSA-C.C. art. 3544 is controlling. Since it is alleged that the breach occurred on April 4, 1967, and suit was filed on February 24, 1976, prescription has not run.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is reversed and remanded for further proceedings in accordance with the views expressed herein. All costs of this appeal to be paid by defendant-appellee.
REVERSED AND REMANDED.