407 So.2d 469 (1981)
Roy BERNARD
v.
AIR LOGISTICS, INC. and Offshore Logistics, Inc. and Houma-Terrebonne Parish Airport Commission.
No. 14368.
Court of Appeal of Louisiana, First Circuit.
November 23, 1981.
Writ Denied January 18, 1982.
Donald R. Wilson, Jena, for plaintiff and appellant.
Howard Daigle, Jr., New Orleans, and Charles Hanemann, Houma, for defendants and appellees.
Before ELLIS, LOTTINGER and PONDER, JJ.
LOTTINGER, Judge.
This is an appeal by plaintiff, Roy J. Bernard, from a judgment in favor of defendants Offshore Logistics, Inc., and its division Air Logistics, Inc., sustaining an exception of prescription to a suit for damages.
On May 30, 1980 plaintiff filed suit against Air Logistics, Inc., Offshore Logistics, Inc. (both collectively referred to as Logistics), and the Houma-Terrebonne Parish Airport Commission, alleging that on June 1, 1979, he was injured when he fell in a parking lot on the premises of the Air Logistics Terminal at the Houma-Terrebonne Airport. Logistics filed the peremptory exception of prescription arguing that the tort action has prescribed because the accident occurred on April 13, 1979, more than one year prior to suit being filed. The exception was supported by an accident report. The trial court agreed and maintained the exception.
Plaintiff-appellant assigns two specifications of error: (1) that this action is one in contract rather than in tort, and (2) Logistics bore the burden of proof that plaintiff knew or had constructive knowledge prior to a second accident that plaintiff would be totally and permanently disabled as a result of his injuries.

ASSIGNMENT OF ERROR NO. 1
Plaintiff-appellant argues that a contract for services existed between his employer and Logistics, and that he was either a party or a third party beneficiary to this contract. He argues that the contract imposed a duty upon Logistics to provide a safe area and Logistics breached this contractual *470 duty; thus, his suit is one for breach of contract and the ten year prescriptive period of La.C.C. Art. 3544 is applicable.
In Federal Insurance Company v. Insurance Company of North America, 262 La. 509, 263 So.2d 871, 872 (1972), the Supreme Court said:
"It has been recognized by this Court on numerous occasions that when a party has been damaged by the conduct of another arising out of a contractual relationship, the former may have two remedies, a suit in contract, or an action in tort, and that he may elect to recover his damages in either of the two actions. In such cases, the prescription applicable is determined by the character which plaintiff gives his pleadings and the form of his action."
See also Guillot v. Guillot, 346 So.2d 813 (La.App. 1st Cir. 1977), writ denied 350 So.2d 40 (La.1977).
In the Federal Insurance case, supra, the Supreme Court held that the ten year prescription was applicable to a suit for damages, and cited specific paragraphs of the plaintiff's petition which alleged that the contract was the basis of the suit. But in the instant case the word "contract" is nowhere seen in the plaintiff's petition or supplemental and amending petition. Nor can an action ex contractu be gleaned from any interpretation of the various allegations. The inescapable inference is that plaintiff based his suit on negligence thus evidencing an intention to pursue an action ex delicto.

ASSIGNMENT OF ERROR NO. 2
Plaintiff secondly contends that even if one year is the applicable prescriptive period, prescription had not yet run by May 30, 1980 because his shoulder was reinjured on August 13, 1979, and the second injury resulted in paralysis of the right arm caused in part by a weakened condition of the shoulder created by the first fall. Thus, the plaintiff argues the full extent of the injury suffered on April 13, 1979 was not known by him until August 13, 1979. Plaintiff additionally argues that prescription did not begin to run until August 13, 1979 under the doctrine of contra non valentum, citing Brown v. State, Department of Corrections, 354 So.2d 633 (La.App. 1st Cir. 1977).
The Brown case is factually distinguishable from the instant case. In Brown, a prisoner sued the state for damages suffered in the partial removal of his stomach as a result of the state's refusal to provide him with a bland diet. Though the prisoner suffered with stomach pains for more than a year, we held that prescription did not begin to run until the stomach was partially removed by surgery. The basis of our holding was that the prisoner was unaware of the actionable nature of his ailment until the time that surgery was made a medical necessity. In the instant case there is no question that plaintiff knew almost immediately following his fall that he had suffered a serious injury to his shoulder. Plaintiff sought medical attention and even had surgery performed on his shoulder. Thus plaintiff knew he had suffered an actionable injury from the date of the first fall. The fact that plaintiff did not realize the full extent of his injury is not the controlling factor. Knowledge that he was hurt and that his injury was serious enough to warrant substantial medical attention is what controls. Lucas v. Commercial Union Insurance Company, 198 So.2d 560 (La.App. 1st Cir. 1967).
Therefore, for the above and foregoing reasons the judgment is affirmed at plaintiff-appellant's costs.
AFFIRMED.