466 So.2d 610 (1985)
Gretchen G. Ehrensing, Wife of/and S.E. YANDLE and Industrial Pump Sales, Inc.
v.
STAN WEBER AND ASSOCIATES, INC., Helen Kirchofer, ABC Insurance Company, the Celotex Corporation and XYZ Insurance Company.
No. 84-CA-368.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1985.
*611 Eric A. Holden, Halpern, Holden & Daigle, Metairie, for plaintiffs-appellants.
Before BOUTALL, KLIEBERT and CURRAULT, JJ.
CURRAULT, Judge.
This appeal originates in the Twenty-Fourth Judicial District Court, Division "O", wherein the Honorable Ronald P. Loumiet rendered judgment maintaining defendants' exception of prescription and dismissed plaintiffs' suit. We reverse.
Gretchen G. Ehrensing, wife of and S.E. Yandle operate Industrial Pump Sales, Inc. (hereinafter Industrial). This business requires batture property including full use of riparian rights necessary to permit full access to and utilization of docking facilities on the Mississippi River.
In June, 1981, the owners of the premises leased by Industrial informed them that they would have to vacate by October 1, 1981. On June 10, 1981, S.E. Yandel, as president of Industrial, contacted broker Stan Weber through their agent Helen Kirchofer concerning Industrial's desire to purchase property along the batture of the Mississippi River, which would include use of all riparian rights.
On June 11, 1981, Kirchofer informed Yandle that the Celotex Corporation in Westwego, Louisiana had batture property suitable for Industrial's purposes that included all riparian rights. On September 16, 1981, Ehrensing and Yandle (purchasers) entered into a purchase agreement with the Celotex Corporation (seller) to purchase Celotex's batture property. This purchase agreement contained a paragraph that specifically called for the riparian rights to be included in the sale.
Pursuant to an agreement between purchasers and seller reached subsequent to execution of the purchase agreement, but prior to the execution of the act of sale, purchasers went upon seller's batture property and began preparing the premises for use by Industrial. This arrangement was made between the purchasers and seller with the specific understanding that time was of the essence in supplying Industrial with new business premises by October 1, 1981.
On October 1, 1981, purchasers became aware that the Celotex property did not include the requisite riparian rights but that such rights had been appropriated by the New Orleans Port Authority in 1971. This rendered the property unsuitable for use by Industrial. By this time, Industrial's prior lease had expired and purchasers had expended substantial costs in preparing the Celotex property.
The necessary riparian rights were obtained by Ehrensing and Yandle from the *612 port authority in June, 1982; and on June 24, 1982, the act of sale between them and Celotex was finally executed. Ehrensing/Yandle then leased the property to Industrial who then, on June 24, 1982, resumed business operations which had been suspended since October 1, 1981.
Gretchen Ehrensing, S.E. Yandle and Industrial Pump Sales, Inc. filed suit on October 11, 1983 against Stan Weber, Helen Kirchofer and the Celotex Corporation for damages they sustained as a result of defendants' breach of their contractual obligations towards petitioners. Stan Weber filed exceptions of vagueness, ambiguity and prescription. As to the prescription, defendant argued that petitioners' suit for damages was an action delictual in nature and accordingly must be brought within one year based on LSA-C.C. art. 3536.[1]
The trial court maintained defendants' prescription exception and dismissed petitioners' suit. Plaintiffs have appealed asserting:
that (1) the trial court erred in characterizing the suit as tort; and that
(2) the trial court erred in applying the one-year prescriptive period as provided by LSA-C.C. art. 3536.
The sole issue for our determination is whether appellants' claim for damages is barred by the liberative prescription of one year. Resolution of this issue depends upon the grounds on which appellants' action is based. The nature of the obligation breached determines the applicable prescriptive period. LSA-C.C. art. 3531; Poole v. Winwell, Inc., 381 So.2d 926 (La. App.3d Cir.1980).
The judgment of the trial court maintaining defendants' exception was without written reasons. However, at the hearing, the trial judge concluded that the appellants' petition sounded in tort and since all damage occurred more than one year prior to the institution of the suit, the action had prescribed under LSA-C.C. art. 3536.
After reviewing appellant's petition, we are convinced the trial court erred in concluding the action was one in tort. We conclude that the suit is one in contract and that the one-year prescriptive period of Article 3536 does not apply.
In Federal Insurance Co. v. Insurance Co. of No. Amer., 262 La. 509, 263 So.2d 871, 872 (1972), our Supreme Court reiterated established guidelines in determining the appropriate prescriptive period in circumstances as are found in the instant case:
It has been recognized by this Court on numerous occasions that when a party has been damaged by the conduct of another arising out of a contractual relationship, the former may have two remedies, a suit in contract or an action in tort, and that he may elect to recover his damages in either of the two actions. In such cases, the prescription applicable is determined by the character which plaintiff gives his pleadings and the form of his action.
(Citations omitted)
Appellants' petition, in paragraph IX, recited portions of the purchase agreement which contained the following provision:
There is included as part of this sale and for the same consideration recited herein the riparian rights attributable to that part of the batture and bank of LOT B-6, immediately adjacent to LOT B-5 and measuring in an easterly direction, commencing at Point E on the annexed survey for a distance of 100 feet along the mean low water mark of the Mississippi River. Expressly included in this sale is vendee's rights to enter LOT B which said right is commensurate with the vendee's reparian (sic) rights mentioned hereinbelow.
*613 In paragraph XVI, appellants assert that defendants breached the above cited provision of the purchase agreement by failing to ascertain and/or disclose the restrictions on the use of the riparian rights on the batture property in question and that their damages were a direct result of defendants' breach.
It is manifestly clear that the damages appellants seek arise ex contractu, i.e., from the failure to have included in the sale all riparian rights of the property in question.
Accordingly, appellants' claim is not barred by prescription of one year and for reasons outlined, the judgment of the trial court maintaining defendants' exception of prescription is hereby reversed and the matter remanded for further proceedings not inconsistent with this opinion. All costs of this appeal are to be held pending the final disposition of the matter.
REVERSED AND REMANDED.
NOTES
[1] Art. 3536 provides in pertinent part:

The following actions are also prescribed by one year:
That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses....