ALFORD, Judge.
This is an appeal from a trial court judgment maintaining an exception pleading the objection of prescription.
FACTS
On or about June 20, 1983, plaintiffs, Tammi and Phillip K. Richardson, entered into a lease agreement with the Ponchatou-la Development Company for the lease of an apartment in the Ponchatoula Meadows Apartments. On July 9, 1983, Mrs. Richardson, while carrying her daughter Mickie, slipped and fell down the stairway in her apartment. As a result of this accident, Mrs. Richardson and Mickie sustained personal injuries.
Thereafter, on July 27, 1984, plaintiffs filed suit for damages, under docket number 72,389, against numerous defendants including the Ponchatoula Development Company under theories of negligence and strict liability. This suit was later dismissed pursuant to an exception pleading the objection of prescription.
On February 3, 1987, plaintiffs filed the instant suit for damages arising out of the July 9,1983, slip and fall accident. In their petition, plaintiffs alleged that the defendants breached their obligations under the lease agreement and that, in so doing, caused plaintiffs’ damages. On June 15, 1987, defendants again filed an exception pleading the objection of prescription,[1] which was sustained by the trial judge.
From this adverse judgment, plaintiffs appeal, raising the following specification of error:
The trial court erred in dismissing plaintiffs’ suit for damages pursuant to an exception pleading the objection of prescription.
Plaintiffs contend that the trial judge erred in dismissing their petition pursuant to an exception pleading the objection of prescription. Plaintiffs reason that the allegations of their petition set forth a cause of action for breach of contract, which is prescribed in ten years. As ten years have not elapsed between the alleged breach of contract which resulted in the 1983 slip and fall accident and the filing of the instant petition on February 3, 1987, plaintiffs reason that their action was timely instituted and that the trial court erred in sustaining defendants’ exception pleading the objection of prescription.
*738 In determining the nature of the obligation sued upon, the court must look to the allegations. Reine v. Grillot, 505 So.2d 1179 (La.App. 5th Cir.1987), writ denied, 512 So.2d 457 (La.1987). See also Federal Insurance Company v. Insurance Company of North America, 262 La. 509, 263 So.2d 871 (La.1972). Moreover, “when a party has been damaged by the conduct of another arising out of a contractual relationship, the former may have two remedies, a suit in contract, or an action in tort, and ... he may elect to recover his damages in either of the two actions. In such cases, the prescription applicable is determined by the character which plaintiff gives his pleadings and the form of his action.” Federal Insurance Company v. Insurance Company of North America, supra; Reine v. Grillot, supra; Yandle v. Stan Weber and Associates, Inc., 466 So. 2d 610 (La.App. 5th Cir.1985); Thompson v. Cane Gardens Apartments, 442 So.2d 1296 (La.App. 3d Cir.1983); Bernard v. Air Logistics, Inc., 407 So.2d 469 (La.App. 1st Cir.1981), writ denied, 409 So.2d 656 (La.1982).
An examination of plaintiffs’ petition convinces us that the petition sounds in contract. Specifically, plaintiffs’ petition provides as follows:
III.
That on or about June 20, 1983, petitioners and defendant entered into a contract entitled “Dwelling Lease” pursuant to which petitioners leased unit number 5 in the complex known as Ponchatoula Meadown (sic) Apartments for a term of one year, from June 15, 1983 until June 15, 1984.
IV.
As specified in sub-part 16 (pp. 6-7) of said lease contract, defendants were to perform the following duties, among others:
1.To maintain the property in a safe, decent and sanitary condition;
2. To comply with the requirements of applicable building codes, housing codes and FMHA regulations which materially affect health and safety;
3. To make the necessary repairs to the premises;
4. To maintain the equipment in each unit in good and safe working order, including the electrical fixtures, plumbing, heating, ventilation, air conditioning, and other facilities and appliances; and
5. To maintain the common areas in a safe, clean and sanitary manner.
V.
That petitioners performed all of their obligations under this contract.
VI.
That on July 9, 1983, Tammi Richardson and her daughter, Mickie Richardson, together fell down the stairs on defendants’ premises while attempting to descend a flight of stairs, as a result of the maintenance of an unsafe and dangerous condition permitted to exist by defendants in direct violation of the contract.
VII.
That said accident was caused by the positioning of the first step of the stairway at a 45° angle in relation to the remaining steps of the stairway; further, there is no handrail at the top of said stairway, and no notices which might warn of the dangerous condition which exists on the stairway.
VIII.
That defendants failed to make the necessary repairs to the stairs so as to comply with applicable building and housing codes, both state and federal, and FMHA regulations regarding health and safety.
*739 IX.
The aforementioned accident was caused through no fault of petitioners or their minor daughter, but was caused solely and proximately as a result of the breach of contract by defendants; more specifically, defendants breached the provisions of the “Dwelling Lease” contract set forth above in paragraph IV of this petition.
Since damages for breach of contract are governed by the ten year prescriptive period provided in LSA-C.C. art. 3499, plaintiffs’ claim for damages ex contractu resulting from the alleged breach of the lease has not prescribed.
For the above reasons, the judgment of the trial court sustaining defendants’ exception pleading the objection of prescription and dismissing plaintiffs’ suit is reversed. The matter is remanded to the trial court for further proceedings consistent with the views expressed herein. Defendants are cast for all costs.
REVERSED AND REMANDED.

. Defendants also filed an exception pleading the objection of res judicata, on which the trial judge has not yet ruled. This exception has not been specially pleaded on appeal under LSA-C. C.P. art. 927. Therefore, this issue is not before us on appeal.