552 So.2d 708 (1989)
AETNA CASUALTY AND SURETY COMPANY, T.W. Alley, Sr., T.W. Alley, Jr., and Jeston Alley d/b/a Cane Plaza Apartments, Plaintiffs-Appellants,
v.
Ava Marie SMITH, Defendant-Appellee.
No. 88-717.
Court of Appeal of Louisiana, Third Circuit.
November 8, 1989.
*709 Michael S. O'Brien, Lafayette, for plaintiffs-appellants.
Gahagan & Gahagan, Fred S. Gahagan, Natchitoches, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and FORET, JJ.
DOMENGEAUX, Judge.
Aetna Casualty and Surety Company and its insureds filed this subrogation suit against Ava Marie Smith seeking to recover $31,654.15 paid to its insureds as a result of a fire allegedly caused by the negligence of Smith. The insureds, the owners of Cane Plaza Apartments, joined as plaintiffs seeking recovery of a $1,000.00 deductible.
Pursuant to a written lease, Smith rented an apartment from Cane Plaza Apartments. The leased apartment was destroyed by fire on July 11, 1986. According to the petition filed by Aetna and Cane Plaza, Smith allowed cooking oil to overheat on her stove, causing a fire which destroyed the apartment.
Plaintiffs allege that the lease was breached by Smith's failure to exercise due care, as required by the lease, which resulted in damage to the premises. An exception of one year prescription was filed by defendant and was maintained by the district court. We reverse and remand.
The allegations of plaintiffs' petition are founded in both tort and contract. Plaintiffs pleaded specific acts of negligence on the part of defendant and alleged that certain lease provisions had been breached. Because suit was filed more than one year after the fire, plaintiffs' tort action has prescribed. However, plaintiffs' breach of contract action, which is clearly established in the petition, is governed by the ten year prescription set forth in Civil Code art. 3499.
In 1972, the Supreme Court was presented with similar facts in Federal Insurance Company v. Insurance Company of North America, 262 La. 509, 263 So.2d 871 (1972). The subrogee sued a lessee for damages to certain leased equipment. In addressing the question of prescription, the court noted that the applicable prescription in a suit for damages arising out of the conduct of another in a contractual relationship is determined by the character and form of the pleadings.
In the case at bar, as in the Federal Insurance case, the petition alleged a breach of contractual provisions, which breach was manifested by certain negligent acts. The need to list or describe those negligent acts does not negate the contractual nature of the cause of action. The Supreme Court noted:
True, the petition contains allegations of particular acts of negligence on the part of Pineville's employee and the statement that these acts caused the expenditures by Brun to be made. But the above quoted portions of the lease contract indicate that such allegations were necessary to plaintiff's action in contract for recovery of some of the damages it seeks herein.
Federal Insurance, 263 So.2d at 873.
The question presented in this suit is whether Ms. Smith's alleged negligent act of leaving cooking oil heating on her stove constitutes a breach of the lease provisions requiring her to exercise due care in not *710 damaging the leased premises. This is an action in contract which is subject to a prescriptive period of ten years. Defendant's exception must therefore be overruled.
For the above and foregoing reasons, the judgment of the district court is reversed and set aside and the case is remanded for further proceedings in accordance with the views expressed herein. Costs of this appeal are assessed against defendant; assessment of other costs is to await further proceedings.
REVERSED AND REMANDED.