**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 9, 2009

Charles R. Fulbruge III
Clerk

No. 09-30156
Summary Calendar

JEFFREY W. CLARK

Plaintiff - Appellant

v.

CONSTELLATION BRANDS, INC.,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-171

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Jeffrey W. Clark appeals the district court's dismissal of his claims of fraud in the termination of his employment and execution of a severance agreement against his former employer, defendant-appellee Constellation Brands, Inc. ("Constellation"), based on his claims having prescribed. Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. Background

We relate the facts as they are stated in the petition filed in this case. Clark worked for Canandaigua Wine Company ("CWC"), a wholly-owned subsidiary of Constellation, for approximately ten years as a district manager. In 2001, Clark was injured in a car accident while driving a vehicle owned by CWC and insured by Zurich Insurance Company ("Zurich"). Clark made a claim for underinsured motorist coverage under Constellation's policy with Zurich, eventually filing suit against Zurich in state court. Clark was awarded damages following a jury trial in October 2003.

Shortly after post-verdict hearings in his suit against Zurich, Clark met with his immediate supervisor, Michael Cluck, for his annual evaluation. Upon flying into New Orleans for the meeting, Clark was met at the airport by Cluck and Martin McCafferty, Cluck's supervisor. McCafferty terminated Clark at the airport, stating that it was due to corporate downsizing. However, Clark suspected that he was in fact being terminated in retaliation for his claim against Zurich under Constellation's insurance policy.

CWC offered Clark a severance package that included a written agreement releasing Constellation and CWC from certain causes of action. Despite misgivings and his continued belief that he was being terminated because of his claim under the Zurich policy, Clark agreed to the severance package. Clark also protested by email at this time to Katherine Bello, a CWC human resources employee, that downsizing was a pretext for his termination. CWC reiterated that Clark was being terminated due to downsizing.

During the second phase of Clark's suit against Zurich, which addressed bad faith claims, Bello was deposed in January 2008. Her testimony allegedly confirmed Clark's long-running suspicion that downsizing was a pretext for his termination, and he was terminated in relation to the uninsured motorist claim he made under the Zurich policy.

Clark sued Constellation in federal district court in November 2008, then in state court in December 2008. He voluntarily dismissed his original federal suit on January 21, 2009, and Constellation removed the state suit the same day. Constellation then moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that Clark's claim is prescribed, i.e., that it is barred by the statute of limitations. The district court granted the motion and dismissed Clark's suit on March 6, 2009. Clark timely appealed.

## II. Discussion

### A. Standard of Review

We review the district court's grant of Constellation's 12(b)(6) motion to dismiss *de novo*, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Recently, the Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Nature of the Cause of Action

The district court concluded that Clark's petition asserted a claim for damages based on fraudulent misrepresentation, a tort or delict under Louisiana law subject to a one-year prescriptive period. *See* LA. CIV. CODE art. 3492; *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 627 (5th Cir. 1999). Clark argues that his claims have not prescribed because his petition states a claim for rescission of a fraudulently induced contract, a contract action under Louisiana

law, which carries a five-year prescriptive period. *See* LA. CIV. CODE art. 2032. The court must therefore ascertain the nature of Clark's action and apply the relevant prescriptive period.

A fraud claim under Louisiana law may arise in both contract and in tort. *See Griffin v. BSFI Western E & P, Inc.*, 00-2122, p.8 (La. App. 1 Cir. 2/15/02); 812 So.2d 726, 734. With respect to the contract aspect of fraud, fraud is a vice of consent. *See* LA. CIV. CODE art. 1948. It may be the basis for the rescission of a contract. *See* LA. CIV. CODE art. 1958 cmt. b. Actions to rescind a contract due to fraud must be brought within five years after the discovery of the fraudulent behavior giving rise to the cause of action. *See* LA. CIV. CODE art. 2032. Louisiana also recognizes a tort action for fraud. "[T]here is no general duty to speak, but if someone does speak, she may be liable in tort if she makes an intentional or a negligent misrepresentation. Intentional misrepresentation is fraud . . . ." FRANK L. MARAIST & THOMAS C. GALLIGAN, Jr., LOUISIANA TORT LAW § 5-7(h) (1996). The prescriptive period for fraudulent misrepresentation, like all torts under Louisiana law, is one year and begins to run from the date injury of damage is sustained. *See* LA. CIV. CODE art. 3492.

Under Louisiana law, "[t]he correct prescriptive period to be applied in any action depends on the nature of the action; it is the nature of the duty breached that should determine whether an action is in tort or in contract." *Terrebonne Parish Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 886 (5th Cir. 2002). Louisiana courts look to the allegations and prayer for relief of the petition to determine the true nature of the action and the applicable prescriptive period. *See Ins. Storage Pool, Inc. v. Parish Nat'l Bank*, 97-2757, p. 4 (La. App. 1 Cir. 5/14/99); 732 So.2d 815, 817. Regarding the distinction between actions in tort and in contract, Louisiana courts have consistently held that:

> The classical distinction between "damages ex contractu" and "damages ex delicto" is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the

> latter flow from the violation of a general duty to all persons. Even when tortfeasor and victim are bound by a contract, courts usually apply the delictual prescription to actions that are really grounded in tort.

*Trinity Universal Ins. Co. v. Horton*, 33,157, p. 2 (La. App. 2 Cir. 4/5/00); 756 So.2d 637, 638. Even when a contract exists between the parties, unless a specific contract provision or duty is breached, Louisiana treats the action as tort. *Id.* In other words, the mere fact that the circumstances arose in the context of a contractual relationship does not make the cause of action contractual.

In the instant case, Clark's petition asserts that he entered into the severance agreement as a result of fraud perpetuated by Constellation, who allegedly wrongfully terminated him and then failed to state the true reason for his termination when he speculated that his firing was pretextual. Our reading of the petition as a whole demonstrates that Clark's suit against Constellation is based upon fraudulent misrepresentation, a tort under Louisiana law subject to a one-year prescriptive period. This conclusion is supported by the fact that in his prayer for relief Clark did not seek rescission of the contract on the basis of fraudulent inducement, the available remedy for a fraudulently induced contract. Rather, the factual allegations in the petition are directed toward a recovery of damages for "lost wages, lost earning potential, loss of insurability, and mental anguish," all of which are tort damages.

In support of his position Clark relies upon *Federal Ins. Co. v. Insurance Co. of North America*, 263 So.2d 871 (La. 1972). Clark's reliance is misplaced. *Federal Insurance* involved the lease of computer equipment. Federal Insurance, subrogee of the lessor, sued for damages to the equipment caused by the lessee. The court determined that Federal's suit sounded in contract because it was simply suing to enforce its rights against the lessor under specific contractual provisions. Clark also relies upon *Aetna Cas. & Sur. Co. v. Smith*, 552 So.2d 708

(La. App. 3 Cir. 1989). As in *Federal Insurance*, this case involved a party suing to enforce a specific contractual provision.

Although a contract existed between Clark and Constellation in which Clark released certain causes of action against Constellation in exchange for a severance payment Clark's petition did not allege that any specific contractual provision or duty was breached by Constellation. Instead, Clark alleges that Constellation made fraudulent misrepresentations to him when asked whether he was being terminated because of his claim against Zurich; liability for which arises in tort, rather than from contract.

C.    Prescription

Because Clark's cause of action sounds in tort, it is subject to a one-year prescriptive period. Prescription begins to run when the potential plaintiff has actual or constructive knowledge of facts that would indicate to a reasonable person that he or she is the victim of a tort. *See Campo v. Correa*, 01-2707, p. 10-11, (La. 6/21/08); 828 So.2d 502, 510-11. Constructive knowledge arises when a person possesses information sufficient to incite curiosity, excite attention, or place a reasonable person on guard to call for inquiry. *See Alexander v. Fulco*, 39,293, p. 3, 895 So.2d 668 (La. App. 2 Cir. 2/25/05); 895 So.2d 668, 671.

Clark had actual or constructive notice of his claim at least as early as April 2004, and therefore his suit, filed over four years later in December 2008, has prescribed. Clark's petition states that he "suspected that he was being terminated as a direct result of, and in retaliation for, making a claim under CWC's automobile policy." In fact, he went so far as to "document[] this to the vice president of human resources at CWC, Katharine Bello upon his termination." Although Clark might not have had documentary proof in the form of Bello's testimony until her deposition in early 2008, Clark's statement of the facts giving rise to his suit show that he was at the least aware of "facts

indicating to a reasonable person that he or she is a victim of a tort." *Campo*, 828 So.2d at 502.

C.     Rule 56

Clark argues that the district court erred by not converting Constellation's 12(b)(6) motion to a Rule 56 motion for summary judgment when it considered and relied upon a 2004 e-mail from Clark to Bello, in which he asserts that his job was being eliminated "without a doubt" because of his insurance claim against Zurich.

We find no error.  Regardless of whether the district court should have converted the motion to dismiss to one for summary judgment under Rule 56, the district court provided an alternative holding, stating that even without consideration of the email, the court would have concluded that on its face Clark's petition failed to state a claim because his claims had prescribed.  *See Cherokee Pump & Equip. Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994) (holding that we may affirm a judgment on any basis supported by the record).

### III.  Conclusion

For the foregoing reasons, we affirm the judgment of the district court.