LeSUEUR, Judge.
Metairie Country Club, defendant in the principal demand, has filed a third party demand against Quinn Construction Company. This third party demand was dismissed by the trial court on an exception of prescription and the Club has appealed.
The facts are reasonably clear and, for the most part, free of dispute. William B. Harper, the plaintiff, and Quinn are both contractors who were engaged to expand the Club facilities. When Harper was retained in late 1965, Quinn was already at work making certain additions to Club buildings. Harper’s task was the construction of a diving pool and the installation of related equipment.
It so happened that Quinn required dirt to fill a low area on the premises at the same time that Harper was removing earth from the pool site. The Quinn superintendent, Robert LaMondre, sensing an opportunity to realize a saving for Quinn and simultaneously to solve Harper’s excavation problems, approached Harper and suggested *67 cooperation. Harper readily agreed to furnish earth from the excavation provided Quinn would obtain a bulldozer to move it. The bargain was struck on that basis, Harper also agreeing that any savings he realized by the collaboration would accrue to Quinn.
Alvin Wyatt was retained to furnish a bulldozer and an operator. In the course of the operation, the bulldozer severed an underground electric conduit serving the Club, necessitating repairs in the amount of $4,813.39.
Qumn and Harper each insist that Wyatt was operating under the supervision of the other. The Club extrajudicially retained $4,813.39 from both, creating a fund which it has held since the incident. It did not file suit.
The conduit was damaged on January 18, 1966. Suit was first filed by Harper for the $4,813.39 still due under the contract on May 20, 1968. On June 4, 1968, more than two years after the incident, the Club filed the third party demand now before this court on appeal from the exception of prescription sustained by the trial judge.
The legal issue is also reasonably clear. The Club argues for the application of the ten year prescriptive period, appropriate to actions for breach of express or implied contractual obligations, rather than the one year period imposed by the trial judge. We cannot agree.
This is not to say that, as a working principle, an action for breach of contract will not lie for the negligent violation of the warranty of workmanlike performance. To the contrary, our recent decision in Creighton v. Karlin, La.App., 225 So.2d 288 (4th Cir. 1969), should clearly permit an action of that nature.
The case at bar, however, will not support the 'imposition of that theory. The fact of the matter is that there was no contract between Wyatt and the Club. Generally, contractual relief between an owner and a subcontractor requires the existence of a contract. See Brindell-Bruno, Inc. v. Farnsworth and Chambers Co., La.App., 154 So.2d 511 (4th Cir. 1963). The alleged violation of duty by the Wyatt operator occasioned by his negligent act gave rise to an action ex delicto and within this frame of reference, the decision of the trial judge must be upheld.
The judgment appealed is affirmed at appellant’s cost.
Affirmed.