STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-142

GOOD HOPE BAPTIST CHURCH

VERSUS

ICT INSURANCE AGENCY, INC. A/K/A REGIONS INSURANCE

************

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 229,931
HONORABLE DONALD T. JOHNSON, DISTRICT JUDGE

************

DAVID E. CHATELAIN*
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and David E. Chatelain, Judges.

REVERSED AND REMANDED.

Mark F. Vilar
Aaron L. Green
Kellen J. Mathews
Vilar & Elliott, LLC
Post Office Box 12730
Alexandria, Louisiana 71315-2730
(318) 442-9533
Counsel for Plaintiff/Appellant:
        Good Hope Baptist Church

---

*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Mark R. Pharr, III**
**Robin Sylvester Craddock**
**Charles E. Schaub**
**Galloway, Johnson, Tompkins, Burr & Smith**
**4021 Ambassador Caffery Parkway, Building A, Suite 175**
**Lafayette, Louisiana 70503**
**(337) 735-1760**
**Counsel for Defendant/Appellee:**
**GuideOne Insurance Company**

**Mary McCrory Hamilton**
**Voorhies & Labbe**
**Post Office Box 3527**
**Lafayette, Louisiana 70502**
**(337) 232-9700**
**Counsel for Defendant/Appellee:**
**ICT Insurance Agency, Inc.**

**CHATELAIN, Judge.**

Good Hope Baptist Church (Good Hope) appeals the trial court's grant of a peremptory exception of prescription GuideOne Insurance Company (GuideOne) filed. For the following reasons, we reverse and remand.

**FACTS AND PROCEDURAL HISTORY**

The facts are not in dispute. Good Hope is located in Pineville, Louisiana. It insured the church's sanctuary and Sunday school classrooms through a policy of insurance procured through ICT Insurance Agency, Inc. (ICT) and issued by GuideOne. In May of 2003, Good Hope received a donation of a building located adjacent to the church. Thereafter, Good Hope contacted ICT to request coverage for the building, which it referred to as a Fellowship Hall. GuideOne added the Fellowship Hall to Good Hope's existing policy on May 7, 2003.

On September 9, 2006, the Fellowship Hall was broken into, numerous items were stolen, and the building was vandalized. On or about October 20, 2006, Good Hope filed a property loss notice with ICT, which notice was forwarded to GuideOne. By letter dated February 1, 2007, GuideOne notified Good Hope that it was denying its claim based on a vacancy provision in the policy that precluded coverage for losses arising from theft and vandalism if the building where the loss occurred has been vacant for more than sixty consecutive days. According to the letter, GuideOne's investigation into the loss had revealed that the building had, in fact, been vacant in excess of sixty days before the date of the loss.

On November 30, 2007, Good Hope filed a petition for damages against ICT only, with the mistaken belief that ICT was its insurance company. Upon discovering that ICT was the insurance agency and that GuideOne was the actual insurer who had

1

provided the policy covering the church's property, Good Hope amended its petition to name GuideOne as an additional defendant. It later amended its petition a second time to assert allegations against ICT as its insurance agent rather than as its insurer. Thereafter, ICT filed an exception of peremption based upon La.R.S. 9:5606, the statute establishing the one-year and three-year periods of limitation for actions brought against insurance agents. Following a hearing, the trial court granted the exception and dismissed Good Hope's claims against ICT. Good Hope appealed and this court affirmed. *See Good Hope Baptist Church v. ICT Ins. Agency, Inc.*, an unpublished decision bearing docket number 08-1268 (La.App. 3 Cir. 4/1/09).

In the meantime, GuideOne filed a motion for summary judgment urging that its policy did not provide coverage for Good Hope's loss because of the vacancy provision. Good Hope opposed the motion, arguing that several genuine issues of material fact remained, such as whether the Fellowship Hall was undergoing renovations and/or being used for storage at the time of the loss, thus making the vacancy provision inapplicable. The trial court denied the motion, and GuideOne sought supervisory writs, which this court denied on the basis that we found no error in the trial court's ruling. *See Good Hope Baptist Church v. ICT Ins. Agency, Inc.*, an unpublished writ bearing docket number 09-46 (La.App. 3 Cir. 6/8/09).

GuideOne then filed a peremptory exception of prescription on August 27, 2009, contending that Good Hope's claims were prescribed because Good Hope had not filed suit against it until December 13, 2007, more than one year after suffering the loss on September 9, 2006. It argued that because Good Hope's claim was one for property damage, the one-year prescriptive period for delictual actions found in La.Civ. Code art. 3492 applied to bar Good Hope's claim. GuideOne submitted that

2

Good Hope's claim for attorney fees and penalties pursuant to La.R.S. 22:1973[1] had likewise prescribed.[2] With regard to Good Hope's claim for attorney fees and penalties under La.R.S. 22:1892,[3] GuideOne contended that the provision, by its very terms, did not apply because Good Hope's underlying claim was time barred.

Good Hope opposed the motion on the grounds that the policy expressly provided that it had two years from the date when the damage occurred to file suit against GuideOne. In the alternative, Good Hope claimed that if even a one-year prescriptive period did apply, its suit against GuideOne was timely as it was filed within one year of GuideOne's denial of coverage, during which time GuideOne received "proof of loss" and was processing Good Hope's claim. Good Hope stressed that it had not filed suit against the person who caused the vandalism and theft damage to its Fellowship Hall, but rather this suit was brought against its insurer based upon the insurance contract existing between them.

---

[1]This statute was renumbered from La.R.S. 22:1220 by 2008 La. Acts No. 415, § 1, effective January 1, 2009.

[2] See *Zidan v. USAA Property and Casualty Ins. Co.*, 622 So.2d 265 (La.App. 1 Cir.), *writ denied*, 629 So.2d 1138 (La.1993), wherein the first circuit applied the one-year liberative prescription period found in La.Civ.Code art. 3492 to an insured's action brought pursuant to La.R.S. 22:1220. *See also Brown v. Protective Life Ins. Co.*, 353 F.Supp.2d 739, 743 (E.D.La. 10/1/04).

[3]This statute was renumbered from La.R.S. 22:658 by 2008 La. Acts No. 415, § 1, effective January 1, 2009.

Following a hearing on October 26, 2009, the trial court ruled from the bench that it was granting GuideOne's peremptory exception of prescription based upon La.Civ.Code arts. 3471,[4] 3492,[5] and 3493.[6]

On appeal, Good Hope claims that the trial court committed legal error by: (1) characterizing the obligation GuideOne owed to it as one for property damage and applying the one-year prescriptive period applicable to delictual actions rather than the ten-year prescriptive period applicable to personal actions; and (2) disregarding the clear and unambiguous language of the GuideOne policy and the mandate of La.R.S. 22:868, both of which provide a two-year period within which claims can be brought against GuideOne.

## LAW

"The party alleging that a claim has prescribed ordinarily bears the burden of proof. However, when it appears that prescription has run from the face of the pleadings, the burden of proof then shifts to the party not asserting prescription to prove that prescription has been interrupted or suspended." *Piper v. Shelter Mut. Ins. Co.*, 07-111, p. 3 (La.App. 3 Cir. 5/30/07), 958 So.2d 120, 122, *writ denied*, 07-1319 (La. 9/28/07), 964 So.2d 369.

"An insurance contract is a conventional obligation that constitutes the law between the insured and the insurer." *Myles v. Consol. Cos., Inc.*, 05-192, p. 4

---

[4]Louisiana Civil Code Article 3471, entitled "Limits of Contractual Freedom," provides that "[a] juridical act purporting to exclude prescription, to specify a longer period than that established by law, or to make the requirements of prescription more onerous, is null."

[5]Louisiana Civil Code Article 3492 provides, in pertinent part, that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."

[6]Louisiana Civil Code Article 3493, entitled "Damage to immovable property; commencement and accrual of prescription," provides that "[w]hen damage is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage."

(La.App. 3 Cir. 6/1/05), 906 So.2d 677, 680, *writ denied*, 05-2245 (La. 2/17/06), 924 So.2d 1019. Moreover, "insurance contracts are interpreted in the same manner as other contracts." *Id.* In *Tally v. Blue Cross Blue Shield of Louisiana*, 99-1974, p. 3 (La.App. 3 Cir. 5/3/00), 760 So.2d 1193, 1195, *writ denied*, 00-1561 (La. 8/31/00), 766 So.2d 1278, this court noted the following with respect to the interpretation of insurance contracts:

> Interpretation of a contract is the determination of the common intent of the parties. LSA-C.C. article 2045. If the words of an insurance policy are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the party's intent and the agreement must be enforced as written. LSA-C.C. article 2046.

The Civil Code further provides, with regard to standard-form contracts, that "[i]n case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text," and that "[a] contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party." La.Civ.Code art. 2056.

In Louisiana, an insurer owes its insured the following statutorily-recognized affirmative duties:

> A. An insurer . . . owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
>
> B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
>
> (1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
>
> . . . .
>
> (4) Misleading a claimant as to the applicable prescriptive period.

5

> C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.

La.R.S. 22:1973. In addition, La.R.S. 22:1892 requires an insurer to "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss," failing which the insurer may be cast with a penalty and reasonable attorney fees and costs.

## DISCUSSION

Good Hope contends that the trial court erred in characterizing its suit against GuideOne as one for property damages rather than breach of contract. It argues that this initial error caused the trial court to apply the one-year prescriptive period found in La.Civ.Code arts. 3492 and/or 3493 to Good Hope's claim. As a result, it contends that the trial court incorrectly determined that Good Hope's claim had prescribed on its face and improperly shifted the burden of proof to Good Hope. Good Hope submits that had the trial court more closely examined the pleadings, it would have realized that Good Hope's claims sound in contract, rather than in tort, and it would have applied the prescriptive period found in La.Civ.Code art. 3499, which provides that "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years."

Good Hope's arguments in this regard rely primarily on *We Sell Used Cars, Inc. v. United National Insurance Co.*, 30,671 (La.App. 2 Cir. 6/24/98), 715 So.2d 656, wherein the second circuit reversed the trial court's finding that the insured's claim for property damage under a policy of comprehensive and/or collision

6

insurance coverage was delictual in nature and had prescribed under the one-year period found in La.Civ.Code art. 3492. Instead, the appeal court determined that the action was contractual in nature, subject to the ten-year prescriptive period found in La.Civ.Code art. 3499, and thus not prescribed. In so ruling, the *We Sell* court applied the following analysis:

> In reviewing the grant of an exception of prescription, the character of the action given by the plaintiff in his pleadings, determines the prescription applicable to it. *Northcott Exploration Co. v. W.R. Grace & Co.*, 430 So.2d 1077 (La.App. 3d Cir. 1983); *Starns v. Emmons*, 538 So.2d 275 (La.1989); *J.W. Warren & Associates v. Audubon Ins. Co.*, 93-1650 (La.App. 3 Cir. 7/6/94) 638 So.2d 1241. "The nature of a cause of action must be determined before it can be decided which prescriptive term is applicable." *State Through Department of Highways v. City of Pineville*, 403 So.2d 49, 54 (La.1981); *Hampton v. Hibernia Nat. Bank*, 598 So.2d 502, 503 (La.App. 2d Cir. 1992). The nature of an obligation in Louisiana, for the purpose of determining the applicable prescriptive period, is either contractual, quasi-contractual, delictual, quasi-delictual or legal. See *Dean v. Hercules, Incorporated*, 328 So.2d 69, 72 (La.1976); *Taylor v. David New Operating Co., Inc.*, 619 So.2d 1251, 1253 (La.App. 3 Cir. 1993).

> We [Sell]'s petition, in pertinent part, is reproduced below:

> 2.

> On or about October 23, 1993, plaintiff sustained property damage to its 1993 Plymouth Acclaim automobile.

> 3.

> At all times pertinent herein, plaintiff had comprehensive and/or collision coverage on said vehicle with defendant.

> 4.

> Plaintiff reported its property damage timely to defendant and, despite numerous demands, defendant has refused to pay for the damages to plaintiff's property.

> It is well settled that in certain circumstances the same acts or omissions may constitute breaches of both general duties and contractual

duties, and may give rise to both actions in torts and actions in contracts. By making reference to "property damage," and "comprehensive and/or collision coverage," We [Sell]'s petition indicates the objective of the lawsuit is to enforce coverage under the insurance contract. It is important to note that We [Sell]'s petition makes no reference to "negligence," "liability without negligence," "intentional misconduct" nor "tortious acts" or "delictual acts."

United owed a special duty to We [Sell] by virtue of a contract to do a particular thing, and the violation of that contractual duty furnishes a cause of action. The nature of the action brought by We [Sell] is established in the petition as a contractual action.

A contract can give rise to more than one obligation. United undertook several obligations by entering into the insurance contract, a tort obligation and a contractual obligation. Because suit was filed more than one year after the property damage, any tort action that We [Sell] would bring has prescribed. However, the tenor and import of the petition illustrate that We [Sell] is attempting to enforce a special contractual right.

Furthermore, the alleged wrong committed by United, not providing comprehensive/and/or collision coverage to the insured for property damage, is a passive breach of contract. United failed to perform a special obligation contractually assumed toward We [Sell], an obligation arising from an insurance contract to provide collision/comprehensive coverage.

*Id*. at 658-59.

In the present case, GuideOne insists that the one-year prescriptive period found in La.Civ.Code arts. 3492 and 3493 applies to Good Hope's claims. However, in making that argument, it does not directly refute Good Hope's contention that its claims are for breach of contract rather than for tort.

We have carefully reviewed both the original and the amended petitions in this matter, and we find the allegations made therein by Good Hope against GuideOne to be substantially similar to the allegations made by the plaintiff/insured against the insurer in *We Sell*. It is clear that those allegations sound in contract. It follows that to the extent, if any, that Good Hope's claims sound in tort, those claims are

8

prescribed under La.Civ.Code arts. 3492 and 3493. To the extent Good Hope's claims sound in contract, however, those claims have not prescribed because the prescriptive period applicable to those claims, in the absence of any other applicable provision in the law or in the GuideOne policy, is the ten-year period found in La.Civ.Code art. 3499. The trial court erred insofar that it found Good Hope's claims against GuideOne sounded only in tort and that all of Good Hope's claims against GuideOne are prescribed on that basis.

Good Hope next contends that the trial court committed legal error by disregarding the language of the GuideOne policy which provides a two-year period within which to file an action under the policy.[7]

The following provision is included in the "Commercial Property Conditions" section of the policy GuideOne issued to Good Hope:

**D.   LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Coverage Part unless:

1. There has been full compliance with all of the terms of this Coverage Part; and

2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

---

[7]Good Hope further contends that the policy provision comports with the legislative pronouncement in La.R.S. 22:868(B) that no insurance contract "shall contain any condition, stipulation, or agreement limiting right of action against the insurer to a period of less than twenty-four months next after the inception of the loss." GuideOne points out that the version of La.R.S. 22:868 that applied on September 9, 2006, when Good Hope suffered the theft and vandalism to its Fellowship Hall, contained a one-year prescriptive period and did not apply to claims for burglary or theft. Thus, GuideOne submits that any substantive changes made to that statute after that date cannot be applied to this matter because the legislature did not expressly provide that the changes were to apply retroactively. Because we have resolved this matter on other grounds, we do not address Good Hope's arguments concerning La.R.S. 22:868. Likewise, we do not have to determine which version of La.R.S. 22:868 applies to this matter.

GuideOne contends that we should ignore this policy provision because it is contrary to La.Civ.Code art. 3471's mandate that a "juridical act purporting . . . to specify a longer [prescriptive] period than that established by law . . . is null." In other words, GuideOne argues that it should not have been allowed to include the provision in its policy because it has the effect of extending the one-year prescriptive period within which Good Hope could file suit against it.

Good Hope counters that GuideOne's argument is flawed because its claims sound in contract, and, thus, the ten-year prescriptive period found in La.Civ.Code art. 3499 applies to this matter. As a result, it argues that the policy provision requiring it to file suit against GuideOne within two years of the date of loss shortens, rather than lengthens, the applicable prescriptive period.

As previously noted, we have determined that Good Hope's claims sound in contract and would be subject to the ten-year prescriptive period found in La.Civ.Code art. 3499, but for the policy provision requiring it to file any action based on the policy within two years of a loss. On this basis, we further determine that the policy provision is not violative of La.Civ.Code art. 3471's prohibition against the extension of a prescriptive period by a contract because GuideOne's contract of insurance shortens rather than lengthens the period in which Good Hope had to file suit on any claims sounding in contract against GuideOne. Therefore, we find that the trial court erred as a matter of law in concluding otherwise.

## CONCLUSION

The trial court erred in finding that the one-year prescriptive period found in La.Civ.Code arts. 3492 and 3493 applied to all of Good Hope's claims, thus making those claims prescribed because its suit against GuideOne was filed more than one

year after the September 9, 2006 theft and vandalism to its Fellowship Hall. The trial court further erred in its implicit holding that the provision in the GuideOne policy requiring Good Hope to file suit against GuideOne within two years of any loss violated La.Civ.Code art. 3471.

Good Hope's claims sound in contract. The provision in the GuideOne policy served to shorten the otherwise applicable ten-year prescriptive period to two years. Because Good Hope filed suit against Guide One on December 13, 2007, within two years of its September 9, 2006 loss, Good Hope's underlying claims are not prescribed.[8]

### DECREE

For the reasons expressed herein, the judgment of the trial court granting GuideOne's peremptory exception of prescription is reversed, and this matter is remanded for further proceedings consistent with the views expressed in this opinion. All costs of this appeal are assessed against GuideOne Insurance Company.

**REVERSED AND REMANDED.**

---

[8]We need not determine at this juncture whether Good Hope's claims for attorney fees and penalties pursuant to La.R.S. 22:1973 and 22:1892 have prescribed.

11