# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 12-439

## PAUL LE, INDIVIDUALLY AND D/B/A BONSAI SUSHI DOWNTOWN LAFAYETTE, LLC.

## VERSUS

## THE BRADFORD GROUP, LLC, ET AL.

**\*\*\*\*\*\*\*\*\***
## APPEAL FROM THE
## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF LAFAYETTE, DOCKET NO. C-20113070
## HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE
**\*\*\*\*\*\*\*\*\***

## SYLVIA R. COOKS
## JUDGE

**\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks and Elizabeth A. Pickett, Judges.

**REVERSED AND REMANDED.**

**Pickett, J., concurs.**

Luke Edwards
Law Office of Luke Edwards, L.L.C.
415 South Pierce Street
P.O. Box 3483
Lafayette, LA 70502-3483
(337) 233-9995
**ATTORNEY FOR PLAINTIFF/APPELLANT**
    Paul Le, Individually and d/b/a Bonsai Sushi Downtown Lafayette, LLC

Errol L. Cormier
315 South College Road, Suite 108
Lafayette, LA 70503
(337) 237-2100
**ATTORNEY FOR DEFENDANTS/APPELLEES**
    The Bradford Group, LLC and Brandon Hargrave

Douglas W. Truxillo
Onebane Law Firm
1200 Camelia Boulevard, Suite 300
Lafayette, LA  70508
P.O. Box 3507
Lafayette, LA  70502-3507
(337) 237-2660
**ATTORNEY FOR DEFENDANT/APPELLEE**
    Robert Gregory Brazell

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

In November of 2007, Plaintiff, Paul Le, Individually and d/b/a Bonsai Sushi Downtown Lafayette, LLC, entered into an agreement with Defendant, the Bradford Group, for the purchase and installation of "very sophisticated electronic equipment" for the restaurant. Defendant maintains the project was completed in early 2009. Plaintiff contends the job was never fully completed.

On May 27, 2011, Plaintiff filed a petition for damages alleging his restaurant was "robbed and vandalized" on December 15, 2009. Named as defendants were the Bradford Group, LLC, Brandon Hargrave, Robert Gregory Brazell, Joseph "Mickey" Mickens Sandifer, Scott A. Guillory and Shawn Johnson. The petition alleged the "robbers let themselves in by key which at the time The Bradford Group still had a key to the restaurant." The petition alleged in Paragraph 10 the following:

10.

Several events took place in this investigation and on June 3, 2010 the following persons were arrested: Robert Brazell, Shawn Johnson and Joseph "Mickey" Mickens Sandifer. Per the Affidavit for Warrant of Arrest, "the burglary was committed at the demand of one of the owners of The Bradford Group, Robert Brazelle, in order to "repossess" unpaid for equipment".

The petition further alleged The Bradford Group was vicariously liable under the theory of *respondeat superior*.

On June 21, 2011, Defendant, Robert Brazell filed an Exception of Prescription pursuant to La.Civ.Code art. 3492, contending the suit was prescribed on its face because it was filed (May 27, 2011) more than one year after the date the damage occurred (December 15, 2009). Brazell contended Plaintiff's petition alleged only tort damages, and no allegations of breach of contract or any prayer

for contractual damages was contained in the petition.     On July 13, 2011, The Bradford Group and Brandon Hargrave also filed an exception of prescription.

Both exceptions were set for hearing on July 25, 2011, but reset by agreement of the parties to August 22, 2011, as Plaintiff (who had filed the petition in proper person) had recently retained counsel.  Four days prior to the rescheduled hearing date, Plaintiff again requested a continuance.

On August 22, 2011, at the hearing on the exception of prescription, counsel for Plaintiff agreed to waive his motion to continue.  Counsel for Plaintiff also told the trial judge, "I don't even mind if the Court grants the exception [of prescription] as long as I get my right to amend the petition to cure the perceived defect."  After questioning how Plaintiff was going to amend the petition if the prescription was granted, the trial judge took the matter under advisement.  On September 12, 2011, the trial court granted the exception of prescription, denied any request for an amendment to the petition, and dismissed Plaintiff's claims against Defendants.

Plaintiff has appealed the trial court's grant of the exception of prescription, arguing prescription should not have begun running until he was aware of the arrests of the defendants.  He also asserts the trial court erred in failing to apply the ten year prescriptive period applicable to contractual torts.

**ANALYSIS**

### I.   *When Should the Prescriptive Period Have Begun?*

Plaintiff argues he could not properly file suit until he was aware of the identity of the people who robbed and vandalized his premises.  He argues the doctrine of *contra non valentum* applies in this case.  Louisiana courts have long recognized the doctrine of *contra non valentem* as an exception to the general rules

of prescription. It stands for the premise that prescription cannot run against a person unable to bring an action. *Contra non valentem* is applicable under certain circumstances when the principles of justice and equity demand that prescription should be suspended because a plaintiff was unable to assert his rights for reasons external to his own will. *Wimberly v. Gatch*, 93-2361 (La. 4/11/94), 635 So.2d 206.

The jurisprudence has recognized four instances where *contra non valentem* applies to prevent the running of prescription: (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2)where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4)where the cause of action is not known or reasonably knowable by the plaintiff even though his ignorance is not induced by the defendant. *Wimberly*, 635 So.2d at 211.

It is the fourth category which is relevant here, known as the discovery rule of *contra non valentem*. It provides that prescription runs from the date plaintiff discovers or should have discovered facts upon which his cause of action is based. Thus, prescription does not accrue against a party ignorant of his rights provided that ignorance is not willful, negligent or unreasonable. *Wimberly*, 635 So.2d at 211-212. Plaintiff alleges until he was certain of the true identity of the perpetrators, he was prevented from bringing a civil action for damages. Thus, even assuming the one-year period for delictual actions applies in this matter, he was unable to act until he knew the identity of the perpetrators of the crime against his restaurant.

Defendants counter Plaintiff's argument in this regard, contending there was

3

"nothing in law or in fact prevented the [Plaintiff] from timely [bringing] this unfounded action against [Defendants] within the period from December 15, 2009 until December 15, 2010." We disagree. No arrests were made in the burglary until June 3, 2010. Therefore, Plaintiff could not reasonably know the identity (regardless of any suspicions he may have had) of those responsible for the theft of his property until June 3, 2010. Suit was filed on May 27, 2011, which was less than one year from the date he knew or should have known of the identity of the persons who stole his property. Therefore, the suit was filed within the one-year prescriptive period set forth in La.Civ.Code art. 3492.

We note Defendants vehemently deny their participation in the burglary of Plaintiff's restaurant. Yet at the same time, they maintain the prescriptive period should have begun running before an arrest was made and there was a reasonable basis to know the identity of the perpetrators. The law is clear that "[m]ere suspicion that a party may be responsible for a tort is not sufficient to commence the running of prescription." *639 Julia Street Partners v. City of New Orleans*, 02-777, p. 3 (La.App. 4 Cir. 11/13/02), 830 So.2d 1131, 1134, *writ denied*, 03-101 (La. 3/21/03), 840 So.2d 541, citing *Paragon Development Group, Inc. v. Skeins*, 96-2125 (La.App. 1 Cir. 9/19/97), 700 So.2d 1279. Clearly, as Plaintiff notes, he could have subjected himself to lawsuits for libel and/or slander had he proceeded with suit before he was notified of the results of the police investigation. Under the facts of this case, we find the discovery rule prevented commencement of the running of prescription until Plaintiff had sufficient notice to pursue a claim against a particular defendant. That date would have been June 3, 2010, and Plaintiff's suit was filed within one year of that date. Therefore, Plaintiff's suit, filed on May 27, 2011, was timely. The trial court erred in granting the exception of prescription.

4

## II.    Which Prescriptive Period Applies?

Plaintiff also contends the trial court erred in finding the only applicable prescriptive period governing this lawsuit was the one year prescriptive period for delictual torts found in La.Civ.Code art. 3492.  He contends under the agreement between the parties, a contractual tort was committed when Defendants burglarized the restaurant in order to repossess allegedly unpaid for equipment.  Thus, Plaintiff contends the ten year prescriptive period for contractual torts found in La.Civ.Code art. 3499 applies herein.

The correct prescriptive period to be applied in any action depends upon the nature of the action.  It is the nature of the duty breached that should determine whether an action sounds in tort or in contract.  *Roger v. Dufrene*, 613 So.2d 947 (La.1993).  It is well settled that in certain circumstances the same acts or omissions may constitute breaches of both general duties and contractual duties, and may give rise to both actions in torts and actions in contracts.  *Good Hope Baptist Church v. ICT Insurance Agency, Inc.*, 10-142 (La.App. 3 Cir. 6/9/10), 41 So.3d 1229; *We Sell Used Cars, Inc. v. United National Insurance Co.*, 30,671 (La.App. 2 Cir. 6/24/98), 715 So.2d 656; *Franklin v. Able Moving & Storage Company, Inc.*, 439 So.2d 489 (La.App. 1 Cir.1983).

After careful review of the petition filed in this matter, we find the allegations made by Plaintiff therein against Defendants sound in both contract and tort.  The petition clearly references the "contractual agreement with the Bradford Group" and goes on to allege the purpose of the burglary was the "repossession" of equipment due to an outstanding balance owed by Plaintiff.  The Louisiana Supreme Court has stated "[t]here is no legal reason why a breach of a contract by tort does not furnish ground for an action for breach of contract."  *Harper v. Metairie Country Club*, 246 So.2d 8, 11 (1971).  Thus, we find the trial court erred

5

in granting the exception of prescription on the basis that the ten-year prescriptive period for breach of contract did not apply.

Defendants argue under the contract between the parties, Plaintiff would first have had to submit to an arbitration proceeding before any lawsuit could have been filed. They argue this is a clear indication that Plaintiff intended to file his suit strictly in tort rather than in contract, because he would have faced an exception of prematurity for failing to proceed to arbitration. We disagree and find the presence of the arbitration clause in the contract irrelevant here. The arbitration clause is clearly meant to apply to disputes in the business dealings between the two parties to the contract. It cannot reasonably be interpreted to apply to a criminal act of burglary perpetrated by one party against the other. Any condition in a contract written in Louisiana that would seek to legitimate such conduct would be "contra bonos mores" and unenforceable. Louisiana Civil Code Article 2030 expressly provides a contract is absolutely null when it violates a rule of public order.

## DECREE

For the above reasons, the judgment of the trial court sustaining the exception of prescription is reversed and this case is remanded to the trial court for further proceedings. Costs of this appeal are assessed against defendants-appellees.

**REVERSED AND REMANDED.**