# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-3


**GREGORY STANTON MOSING & DONNA P. MOSING**

**VERSUS**

**DOUG ASHY BUILDING MATERIALS, INC. &**

**MASTER WALL, INC.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20212863
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**D. KENT SAVOIE**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of D. Kent Savoie, Jonathan W. Perry, and Gary J. Ortego, Judges.


**AFFIRMED.**

**Edmond L. Guidry, III**
**Edmond L. Guidry, IV**
**Guidry & Guidry**
**324 South Main Street**
**St. Martinville, Louisiana 70582**
**(337) 394-7116**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
> **Gregory Stanton Mosing**
> **Donna P. Mosing**

**John W. Martinez**
**Maricle & Associates**
**#1 Sanctuary Boulevard, Suite 202**
**Mandeville, Louisiana 70471**
**(985) 727-3411**
**COUNSEL FOR DEFENDANT/APPELLEE:**
> **Doug Ashy Building Materials, Inc.**

**Julie I. Faulk**
**Ward F. LaFleur**
**Mahtook & LaFleur, L.L.C.**
**Post Office Box 3089**
**Lafayette, Louisiana 70502-3089**
**(337) 266-2189**
**COUNSEL FOR DEFENDANT/APPELLEE:**
> **Master Wall, Inc.**

**SAVOIE, Judge.**

Plaintiffs Gregory and Donna Mosing (the Mosings) appeal the judgment of the trial court, sustaining the Exceptions of Prescription filed by Defendants Doug Ashy Building Materials, Inc. (Doug Ashy) and Master Wall, Inc. (Master Wall) and dismissing the Mosings' claims with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

In the summer of 2018, the Mosings contracted with Ernesto Perez to re-stucco approximately ninety percent (90%) of the exterior of their home located at 308 Sawgrass Lane in Broussard, Louisiana. Mr. Perez requested that they use stucco manufactured by Master Wall mixed with paint manufactured by Doug Ashy. The project was completed in December 2018. In the middle of 2019, the Mosings noticed yellowing in the finish of the stucco. Mr. Perez examined the home on September 19, 2019, at which time he indicated to Mrs. Mosing that he had never seen the yellowing occur before.

On October 10, 2019, Hec Duhon, a sales representative for Doug Ashy, and a representative of Master Wall inspected the home. Dennis Deppner, Technical Services Manager with Master Wall prepared a six-page report indicating that the yellowing was a result of moisture in the walls causing mold.

In January 2020, the Mosings hired James Yeager with Bayou State Inspections to examine the home for evidence of moisture and mold. He did not find any such evidence. Mr. Yeager suggested the Mosings paint over certain areas of the yellowing stucco to see if it would seep through the paint. The Mosings painted several small areas of their home with the original Sherwin-

Williams paint on March 27, 2020. By May 2020, yellowing could be seen through the paint on the test areas.

Mr. Mosing then contacted local contractor Chuck Beadle to examine the home. Mr. Beadle, a Sto Paints representative, and Richard Delahoussaye, a stucco expert, examined the Mosings' home on September 8, 2020. The three agreed that the yellowing could be the result of a pigment problem with the product. Mrs. Mosing had leftover product from the original re-stucco project. Upon opening the buckets, the product in the buckets contained the same yellowing exhibited on the walls of the Mosings' home, despite having been sealed since completion of the project.

The Mosings filed suit against Doug Ashy and Master Wall on June 2, 2021, alleging claims in negligence, products liability, and redhibitory defects in the stucco and/or paint. After filing Answers, Doug Ashy filed an Exception of Prescription and, alternatively, Motion for Summary Judgment on June 15, 2022, and Master Wall filed its Exception of Prescription and, alternatively, Motion for Summary Judgment on July 11, 2022. A hearing was held on August 22, 2022, wherein the trial court sustained the exceptions of prescription and dismissed the Mosings' claims with prejudice. The Mosings now appeal.

**LAW AND DISCUSSION**

*I.    Standard of Review*

The standard of review of a grant of an exception of prescription is determined by whether evidence was adduced at the hearing of the exception. If evidence was adduced, the standard of review is manifest error; if no evidence was adduced, the judgment is reviewed simply to determine whether the trial court's decision was legally correct. The party pleading the exception of prescription bears the burden of proof unless it is apparent on the face of the pleadings that the claim is prescribed, in which case the plaintiff must prove that it is not.

*Allen v. Driver of Ford F-150*, 21–320, p. 2 (La.App. 3 Cir. 1/5/22), 333 So.3d 540, 542, *writ denied*, 22–238 (La. 4/12/22), 336 So.3d 80 (quoting *Arton v. Tedesco*, 14–1281, p. 3 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128, *writ denied*, 15–1065 (La. 9/11/15), 176 So.3d 1043 (citations omitted)).

Evidence was adduced at the hearing on this matter; therefore, we will review this case under a manifest error standard of review.

II.    *Exception of Prescription*

In their petition, the Mosings assert claims of negligence, products liability, and redhibition. The applicable prescriptive period for redhibition is found in La.Civ.Code art. 2534, which states, in pertinent part:

> A. The action for redhibition against a seller who did not know of the existence of a defect in the thing sold and the action asserting that a thing is not fit for its ordinary or intended use prescribe in two years from the day of delivery of the thing to the buyer or one year from the day the defect or unfitness was discovered by the buyer, whichever occurs first.

"A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect." La.Civ.Code art. 2520.

Both negligence and products liability claims are governed by a one-year prescriptive period which runs "from the day injury or damage is sustained." La.Civ.Code art. 3492; *See Marable v. Empire Truck Sales of Louisiana, LLC*, 16–876, 16–877, 16–878 (La.App. 4 Cir. 6/23/17), 221 So.3d 880, *writ denied*, 17–1469 (La. 11/13/17), 230 So.3d 210.

"The burden of proof on the prescription issue lies with the party asserting it unless the plaintiff's claim is barred on its face, in which case the burden shifts to the plaintiff." *Bailey v. Khoury*, 04–620, p. 9 (La. 1/20/05), 891 So.2d 1268, 1275.

3

The petition states that the re-stuccoing of the Plaintiffs' residence was completed in December 2018. Using this completion date as the date of delivery of the defective product, Plaintiffs' redhibition claim against Defendants would have prescribed in December 2020, pursuant to La.Civ.Code art. 2534. Plaintiffs further allege in their petition that they noticed the yellowing of the stucco in the middle of 2019. Therefore, one year from "the day the defect or unfitness was discovered by the buyer" would be the middle of 2020. La.Civ.Code art. 2534. In accordance with La.Civ.Code art. 2534, the Plaintiffs' redhibition claim prescribed in December 2020 because that is the date that occurred first. Plaintiffs filed this lawsuit on June 2, 2021; therefore, this matter is prescribed on its face as to the redhibition claim.

Plaintiffs' negligence and products liability claims run from the day the damage is sustained. The petition alleges that the yellowing occurred to the stucco in the middle of 2019. No specific date was given. However, these claims would prescribe in the middle of 2020. Suit was not filed until June 2, 2021. As a result, these claims are prescribed on the face of the petition as well.

Because the Plaintiffs' claims are barred by prescription on its face, the burden of proof lies with the Plaintiffs in this case. Plaintiffs submit that two of the four categories of *contra non valentem* apply to their claims. "*Contra non valentem*, a jurisprudentially-created exception to prescription, adopted to 'soften the harshness of prescriptive statutes,' generally 'means that prescription does not run against a person who could not bring his suit.'" *Mitchell v. Baton Rouge Orthopedic Clinic, L.L.C.*, 21–61, p. 6 (La. 10/10/21), 333 So.3d 368, 374 (quoting *Carter v. Haygood*, 04–646, p. 11 (La. 1/19/05), 892 So.2d 1261, 1268).

Louisiana law recognizes four categories of *contra non valentem* that operate to prevent the running of prescription:

> (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.

*Id.* (quoting *Carter*, 892 So.2d at 1268). Plaintiffs contend the third and fourth category apply to this case.

As to the third category, Plaintiffs argue that a Doug Ashy representative delayed the inspection until a representative of Master Wall could join in the inspection. The joint inspection occurred on October 10, 2019. The six-page report prepared by Dennis Deppner, Technical Services Manager with Master Wall indicates that the yellowing of the stucco was caused by moisture retention in the walls, leading to mold growth. Plaintiffs submit that this report "completely threw [them] off the trail of the actual defect."

Regarding the fourth category, Plaintiffs argue that they "diligently investigate[d] the matter in a way that was the epitome of reasonableness." Although Plaintiffs noticed the yellowing of the stucco in the middle of 2019, they assert that there was no reasonable way for them to discover the defect itself until they opened the unused buckets of stucco. To that end, Plaintiffs submit that prescription should run from September 8, 2020, which is the date they opened the two unused buckets of the yellowing stucco. Plaintiffs contend that it was on that day that they were able to pinpoint the cause of the yellowing stucco.

Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription.

*Campo v. Correa*, 01-2707, pp. 11–12 (La. 6/21/02), 828 So.2d 502, 510–11.

In our opinion, Plaintiffs had constructive knowledge of the defect in the summer of 2019, when they first noticed the yellowing of the stucco. This excited their attention, put them on guard and had them call for an inquiry, specifically calling their contractor Ernesto Perez out to their home to examine the stucco. This led to further inquiries and inspections. Although they did not have the actual knowledge of the facts that would entitle them to bring a suit, they had constructive knowledge of the defect. *See Id.*

With regard to Plaintiffs' *contra non valentem* claims, "*contra non valentem* only applies in exceptional circumstances." *Div. of Admin., Office of Comm. Dev.-Disaster Recovery Unit v. Leger*, 21–455, p. 13 (La.App. 3 Cir. 12/22/21), 333 So.3d 486, 493 (citing *Marin v. Exxon Mobil Corp.*, 09–2368, 09–2371 (La. 10/19/10), 48 So.3d 234). The third category of *contra non valentem*

encompass[es] situations where an innocent plaintiff has been lulled into a course of inaction in the enforcement of his right by reason of some concealment or fraudulent conduct on the part of the defendant, or because of his failure to perform some legal duty whereby plaintiff has been kept in ignorance of his rights.

*Mitchell*, 333 So.3d at 374 (quoting *Carter*, 892 So.2d at 1269). This exception is often referred to as the continuing treatment exception and is typically seen in

6

medical malpractice cases. *McCauley v. Stubbs*, 17-933 (La.App. 3 Cir. 4/25/18), 245 So.3d 41.

The report prepared by a Master Wall manager points to the cause of the yellowing as mold growth. However, there is no evidence in the record of any fraudulent conduct on the part of either Doug Ashy or Master Wall in the preparation of the report that lulled Plaintiffs into a course of inaction. On the contrary, Plaintiffs continued to inquire and investigate the defect. In January 2020, Plaintiffs hired their own inspector to examine the stucco, who informed them that he found no evidence of moisture retention or mold. Plaintiffs even painted over the yellowed stucco in order to see if the yellowing would seep through. By May 2020, it had. Therefore, we cannot say that the third category applies here, where Plaintiffs were not lulled into a course of inaction.

As to the fourth category of *contra non valentem*, this exception applies "where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant." *See Mitchell*, 333 So.3d at 374. This category is known as the discovery rule. *Le v. Bradford Group*, 12–439 (La.App. 3 Cir. 11/7/12), 105 So.3d 186, *writs denied*, 13-237, 13–256 (La. 3/8/13), 109 So.3d 365, 367.

In *Marin*, 48 So.3d 234, the Louisiana Supreme Court discussed whether *contra non valentem* applied to an oil and gas case. Both the trial court and appellate court ruled that it did; however, the supreme court reversed. The supreme court stated:

> Specifically regarding property damage claims, knowledge sufficient to start the running of prescription "is the acquisition of sufficient information, which, if pursued, will lead to the true condition of things." *Young v. International Paper Co.,* 179 La. 803, 155 So. 231 (La.1934). This date has been found to be the date the

7

damage becomes apparent. *South Central Bell Telephone Co. v. Texaco, Inc.,* 418 So.2d 531, 532 (La.1982)

The yellowing of the stucco occurred in the middle of 2019. The stucco was manufactured by Master Wall and it was mixed with paint manufactured by Doug Ashy. It stands to reason that Plaintiffs' cause of action against Master Wall and Doug Ashy were reasonably knowable once the yellowing became apparent. After all, they were the manufacturers of the defective product. As such, we do not find that the fourth category of *contra non valentem* applies.

For the foregoing reasons, we find that Plaintiffs claims against Defendants have prescribed.

## DECREE

The judgment of the trial court which sustained Defendants' Exceptions of Prescription is affirmed. All costs associated with this appeal are assessed to Plaintiffs Gregory and Donna Mosing.

**AFFIRMED.**

8